FRED D. BREIT v. RAY T. HAAS.

172 So. 697.
Opinion Filed January 13, 1937.
Rehearing Denied February 16, 1937.

*McKay, Dixon & DeJarnette* for Plaintiff in Error.

*Bryant & Pittman,* for Defendant in Error.

PER CURIAM.—In this cause Mr. Chief Justice ELLIS, Mr. Justice WHITFIELD and Mr. Justice DAVIS are of the opinion that the judgment of the Circuit Court should be affirmed, while Mr. Justice TERRELL, Mr. Justice BROWN and Mr. Justice BUFORD, are of the opinion that the said judgment should be reversed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the judgment should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the judgment should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. Rep. 51, that the Judgment of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

PER CURIAM.—In an action for personal injuries the first count of the declaration alleged that on December 31, 1933,

"and for sometime prior thereto and also subsequently thereto, the defendant was the owner of the premises known as the New Deauville Casino and Hotel in Miami Beach, Dade County, Florida, and as such owner operated. the buildings and premises as a club, casino and hotel for public patronage, and in the operation of said property the defendant had in his employ divers and sundry agents, assistants and servants, and on the date aforesaid plaintiff at defendant's request called at the office of said premises so owned, operated and maintained by defendant, for the purpose of interviewing the defendant concerning a business matter in which both plaintiff and defendant were interested, and upon arriving at said office and failing to find defendant, plaintiff went to the room known as the Deauville Room where plaintiff was told by an employee of defendant that he would be found; that after entering said Deauville room and while standing just inside the entrance thereof, waiting for the defendant to arrive, and without any warning of danger from the defendant or any of his agents, servants or employees, plaintiff was suddenly struck with great force and violence upon his head, neck and back by the body of a man, who was in the employ as an agent and servant of defendant and acting within the line and scope of his employment, and who had negligently and carelessly placed his weight upon the thin wallboard ceiling of said room and had crashed through said ceiling which was about twenty-five (25) feet immediately above plaintiff, knocking plaintiff violently to the floor, rendering him unconscious for a long time and injuring, bruising and wounding him in the head, neck and spine, and partially fracturing and compressing the vertebra in plaintiff's spine; * * *" and plaintiff alleges that his said injuries are permanent.

Damages were stated in the sum of thirty thousand dol-

lars. The second count of the declaration need not be commented on.

Trial was had upon pleas of not guilty and a denial that the man who fell upon the plaintiff was the agent and servant of the defendant at the time and place mentioned. Verdict and judgment for $1500.00 damages were rendered, and defendant took writ of error.

It appears that the defendant, Fred D. Breit, owned and operated an entertainment room or hall; that Jesse Stool, who fell from the ceiling of the room upon the plaintiff, Ray T. Haas, was the manager of the orchestra employed by the defendant; that James A. Hickey was the manager of the place; that George Dantzler was acting as entertainment manager; that the ceiling of the room or hall was of wallboard material under the joists not sufficient to support the weight of a man; that planks were laid upon the joists on which to walk in the attic, making narrow places to walk on above the wallboard ceiling under the joists; that apparatus connected with the loud-speaking instruments used for the entertainments needed adjustment and it had to be done in the attic. Dantzler testified that Stool told him of the needed adjustment of the loud speakers, and as he was busy, he told Stool to fix it himself. Stool testified that Hickey, the manager, told him to make the adjustment. There was testimony to the contrary. Stool went in the attic and fell through the thin wallboard ceiling and injured Haas standing in the room on a business mission.

It was the duty of the defendant to maintain his place of entertainment in a safe condition for all persons lawfully therein. The ceiling was not safe when persons had to go in the attic in connection with the apparatus used in entertainments in the room below.

The evidence justified a finding by the jury that Stool

was directed or authorized as a servant of the defendant to go to the attic to adjust the loud speakers, and that Stool, while acting within the scope of his authority, did not remain on the narrow plank walk but put his weight upon, and fell through, the insecure ceiling and injured Haas, because Stool did not exercise reasonable care to avoid placing his weight on the wallboard ceiling above the room where Haas was standing.

The defendant was allowed to adduce evidence as to whether Stool was acting within the scope of his employment, so the order sustaining a demurrer to the fourth plea on that subject need not be discussed.

There was no error in refusing a directed verdict for the defendant or in denying a new trial. No material error has been shown.

ELLIS, C. J., and WHITFIELD and DAVIS, J. J., concur.

BUFORD, J.—I find no evidence of negligence of the defendant as alleged in the declaration.

Overhead ceilings are not required to be so constructed as to be walked upon by men going into attics or garrets which are not floored. There is no evidence that Stool was instructed to walk upon or to place his weight on the ceiling. Common sense should have directed him not to place his weight on the ceiling and that to do so would cause it to break through.

I think Stool had no right of recovery, had he been injured in the fall, and if plaintiff had any legal cause of action it was against Stool and not against the defendant.

TERRELL and BROWN, J. J., concur.

DAVIS, J. (concurring with opinion for affirmance).— Plaintiff in error was the owner of premises known as the Deauville Casino and Hotel in Miami Beach, and as such owner operated the premises as a club for public patronage.

Defendant in error while a lawful invitee on the premises was, without any fault and negligence on his part, and without any warning of the imminence of danger, violently struck and injured by the body of a man who fell through the ceiling of the premises by reason of having stepped on an insecure place in the ceiling through which his body was precipitated to the floor below upon and against the person of the defendant in error. The jury found liability, the Circuit Judge approved the finding on the evidence and the case is here on writ of error to the judgment.

The action of plaintiff in the court below was based, not on the negligence of the man whose body fell through the ceiling, but on the failure of the owner and operator of the premises whereon plaintiff was a lawful invitee, in the discharge of such owner and operator's obligation to plaintiff below as such invitee, to use due care to see that its premises were kept reasonably safe for the invitee's safety, or to warn plaintiff as invitee of dangers that were not obvious.

The general duty of the proprietor of a place of amusement or public resort toward patrons and other invitees on the premises is well stated in the following cases: Shanney v. Boston Madison Square Garden Corp. (Mass.) 5 N. E. (2d) 1 (decided Dec. 3, 1936); Blanchette v. Union Street Railway, 248 Mass. 407; Wilson v. Norumbega Park Co., 275 Mass. 422, and cases cited therein. It is a general rule of law that liability exists where the invitee is injured by reason of dangers on the premises of which he was not advised and which the operator, by reasonable care, could have anticipated and avoided. See Pars. 343-344 A. L. I. Torts Negligence.

As a matter of proof, the doctrine of *"res ipsa loquitur"* was properly applicable to the circumstances disclosed by

the pleadings and evidence. See 20 R. C. L., par. 158, page 191; 20 R. C. L., par. 58, page 67.

The plaintiff below, by pleading in his declaration, the particular cause of the injury, did not thereby forfeit his right to rely upon and to invoke, in the course of proving his case by evidence, the doctrine of *res ipsa loquitur*. See: Biddle v. Riley, 118 Ark. 206, 176 SW 134, LRA 1915F 992; Cassady v. Old Colony Street Ry. Co., 184 Mass. 156, 68 NE 10, 63 LRA 285; Kleinman v. Banner Laundry Co., 150 Minn. 515, 186 NW 123, 23 ALR 479.

Even if plaintiff's case were required to be made out on proof that the man whose body fell through the ceiling and injured him was at the time thereof engaged in performing work for the operator of the casino and therefore the relation of master and servant was between them, there is adequate proof in the record to sustain the jury's verdict for plaintiff, even on this score. But the liability is not so confined, when the applicable law is applied.

I think the judgment should be affirmed.