AMERICAN DISTRICT ELECTRIC PROTECTIVE COMPANY v. SEABOARD AIR LINE RAILWAY COMPANY.

177 So. 294.

En Banc.

Opinion Filed March 29, 1937.

Rehearing Denied April 27, 1937.

On Extraordinary Petition for Rehearing October 28, 1937.

*Julian Hartridge* and *Francis C. Stark* (of New York), for Plaintiff in Error;

*Fleming, Hamilton, Diver & Lichliter, C. H. Lichliter* and *Charles R. Scott,* for Defendant in Error.

DAVIS, J.—Following reversal of the judgment first entered in this cause (Seaboard Air Line Ry. Co. v. American Dist. Elec. Protective Co., 106 Fla. 330, 143 Sou. Rep. 316) the case again came on for trial upon issues made by the pleadings. It was submitted to a jury, and verdict on the merits returned in favor of. the defendant below, plaintiff in error here. The trial judge granted the Circuit Court plaintiff a new trial. The defendant in that court has taken writ of error to the new trial order. (Section 4615 C. G. L., 2905 R. G. S.)

The case to be decided, as made by the record, is this: The railway company sued the protective company for

breach of contract. The contract provided that the protective company should assume the duty of installing, operating and maintaining for the benefit of the railway company a watch and fire alarm signal system "in good order." The breach of duty arising from the contract counted on was the alleged negligence of the protective company in not performing its contractually assumed duty in that it negligently and carelessly (as alleged in the declaration) allowed a wire, comprising a part of said protective company's signal system, to sag over the railway company's tracks by reason of which neglect an employee of the railway company was knocked from a freight car passing under same, and thereby seriously injured, for which injury he had made claim against the railway company and had been awarded a settlement in damages to compensate him for said injuries.

At the trial the facts and circumstances of the injuries to plaintiff's servant, in manner and form as alleged in the declaration were supported by substantial evidence to establish same. Defendant below offered no evidence in rebuttal thereof. The jury, notwithstanding the fact that the case was submitted to them solely on the evidence that had been adduced by the plaintiff, nevertheless found a verdict for the defendant. This verdict the trial judge set aside.

The contract between the plaintiff and the defendant was duly received in evidence. That contract, properly construed, imposed a duty on the defendant protective company not to allow its alarm and signal system to become in such disrepair as to permit the wire of same extending over the railway tracks to sag and thereby injure plaintiff's servants while engaged in operating plaintiff's trains. The fact that the wire causing the injury to plaintiff's servant was a wire of the protective company defendant and subject to

the terms of the contract was not controverted, but expressly stipulated.

If, so the evidence runs, the wire had not been allowed to sag, plaintiff's servant never would have been injured. So the rule of evidence known as *"res ipsa loquitur"* was applicable to the facts after it was established in the evidence that the sagging wire was under the exclusive control of the defendant protective company at the time it sagged, and and that it would not have caused the injuries for which plaintiff below was compelled to pay out the sums of money sought to be recovered in this suit, had the protective company used due care in preventing the sagging of the wire causing the injury.

*Res ipsa loquitur* is not a substantive rule of law, but is rather a rule of evidence. It permits the jury (but not the court in a jury trial) to draw an inference of negligence where the instrument causing an injury is shown to have been under the exclusive management and control of the party charged with negligence, and an accident has occurred from it that under circumstances of due care would not have occurred in the ordinary course of events, except for negligent handling by the party having control of the instrument causing injury. Turner, Law of Implied Negligence, Par. 1, Page 3.

Where the rule of *res ipsa loquitur* is properly applicable, and the trial jury appears to have arbitrarily ignored it, the trial judge, although he is not authorized to direct a verdict predicated on the evidentiary application of the rule of *res ipsa* to the facts in evidence, may nevertheless grant the losing party's motion for a new trial where such trial court is clearly of the opinion that the preponderance of the evidence, weighed in the light of such rule, is manifestly in favor of the party against whom the jury's verdict has been

found. See: Gravette v. Turner, 77 Fla. 311, 81 Sou. Rep. 476; Florida Power Co. v. Cason, 79 Fla. 619, 84 Sou. Rep. 921.

Tested by the law as hereinbefore delineated, there was no error in entering the order for new trial appealed from in the case now before us, so that order must be and the same is hereby affirmed.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—A very good short treatment of the doctrine of *res ipsa loquitur* will also be found in 20 R. C. L. 184, *et seq.*, and 45 C. J. 1193, *et seq.*

## ON EXTRAORDINARY PETITION FOR REHEARING.

CHAPMAN, J.—The parties will be referred to as they appeared in the court below, as plaintiff and defendant.

This case was decided adversely to the defendant under date of March 23, 1937. An original petition for rehearing was denied. After that an extraordinary petition for rehearing was granted and, this case is now before us on extraordinary petition for rehearing in which oral arguments have been heard by the Court and memorandum of citations of authorities made by the respective parties.

It is asserted by counsel for defendant that the previous decision of this Court, in this cause, as it now stands and without further amplification or elucidation changes the rule in Florida as to the application of the rule of *res ipsa loquitur* and the said decision as it now stands makes this doctrine applicable to a specific allegation of negligence. It is asserted that the amended declaration on the part of the plaintiff contains a specific allegation of negligence, viz.:

"Yet the defendant, utterly disregarding and neglecting its duties as aforesaid did, in the month of May, 1926, to-wit: on the 25th day of May, carelessly and negligently allow the said system to become in disrepair and allowed one of the wires comprising said system to sag, of which fact it knew, or in the exercise of ordinary care ought to have known, whereby and as a proximate result of which one of the employees of this company by the name of W. E. Haskins, was knocked from the top of a freight car and injured, by reason whereof this plaintiff has become liable to and did," etc.

If the allegation, *supra,* is a specific allegation of negligence, then the doctrine of *res ipsa loquitur* is extended. If it is a general allegation of negligence then the doctrine of *res ipsa loquitur* applies. For a statement of this rule see: 45 Corpus Juris, page 1193, par 768, viz.:

"Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care. This statement of the rule of *res ipsa loquitur,* based on the expression in an early English case, which has been widely quoted with approval, has been in substance most frequently adopted and applied in subsequent decisions so that the occurrence of an injury under the circumstances therein set forth raises a presumption or permits an inference that the party charged was guilty of negligence."

The doctrine of *res ipsa loquitur* is defined by Bouvier's Law Dictionary as (Lat. the transaction speaks for itself):

"A phrase often used for injury by negligence where no

proof of negligence is required beyond the accident itself, which is such as necessarily to involve negligence. See 5 Ex. 787. It is thus defined by Erle, J., in Scott v. London Docks Co., 2 H. & C. 596: 'When the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' " * * *

"Wigm. Evid. Sec. 2509, gives the cases in every state, and advances the following considerations that ought to limit the operation of the rule: 1. The apparatus must be such that in the ordinary instances no injurious operation is to be expected unless from a careless construction, inspection or user. 2. Both the inspection and user must have been at the time of the injury in the control of the party charged.

"The doctrine is that when a thing which causes injury without default of the person injured, is shown to be under the exclusive control of the defendant and would not cause the damage in ordinary course if the party in control used proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from defendant's want of care. San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 32 Sup. Ct. 399, 56 L. Ed. 680, where the doctrine was held rightly applied against an electric light company in the case of a person injured while adjusting an electric light in his residence, by an electric shock transmitted from outside wires entirely without fault on his part and in a manner which would not have happened had the wires been in proper condition."

The pleadings and evidence determines the applicability of this doctrine or rule of evidence in each particular suit. It was approved in a concurring opinion of this Court by Mr. Justice DAVIS in the suit of Breit v. Haas, 126 Fla. 835, text page 839, 172 So. 697.

It is not necessary for a declaration to set out specific facts constituting negligence but an allegation of sufficient acts or omissions causing injury, coupled with an averment that they were negligently done or omitted will be sufficient. Kneeland v. Tampa Northern R. Co., 94 Fla. 702, 116 So. 48; McLeod Const. Co. v. Cooper, 101 Fla. 441, 134 So. 224; Duval v. Hunt, 34 Fla. 85, 15 So. 876; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 So. 761; Seaboard Air Line R. Co. v. Good, 79 Fla. 589, 84 So. 733; Woodcock v. Wilcox, 98 Fla. 14, 122 So. 789; Triay v. Seals, 92 Fla. 310, 109 So. 427.

In the case of Heiberger v. Missouri & Kansas Telephone Co., 133 Mo. App. 452, 113 S. W. 730, the court had before it a petition containing allegation of negligence, viz.:

"It is alleged in the petition 'that defendant, by its servants, agents, and employees, carelessly and negligently permitted one of its wires aforesaid which spanned the river to drop, sag, or hang so close to or near the surface of the water for several hours, and negligently and carelessly failed and refused to remove the same after being notified thereof, and thereby rendered the navigation of said river dangerous and hazardous; * * *' "

The Court in considering the words of the petition, *supra*, said:

"In the petition before us the negligence averred covers the widest possible scope. It embraces any and all acts of negligence, whether of construction, repair, inspection, or diligence to discover and remedy a fortuitous displacement

of the wire. Obviously, the rule followed in the Hamilton case is without application to a cause thus pleaded, and the conclusion necessarily follows that the facts adduced by plaintiff placed upon defendant the burden of rebutting the presumption that the obstruction caused by the wire was not due to its negligence."

In the case of Kuether v. Kansas City Light & Power Co., 220 Mo. App. 452, 276 S. W. Rep. 105, text p. 107, a general allegation of negligence was presented in a petition, viz.:

"The defendant negligently caused and permitted an object to fall from one of its poles, which plaintiff is informed and believes to be a glass insulator; that said object struck this plaintiff on the back of her right hand and wrist with great force and violence. * * *"

Counsel for defendant moved the Court to require plaintiff to amend her petition so as to make it more definite and certain and to show how and by what means and in what manner the object mentioned fell and to state what the object was. The motion was properly denied.

Counsel for defendant cite Kleinman v. Banner Laundry Co., 150 Minn. 515, 186 N. W. 123. We have examined this case and observe that it holds that the rule of *res ipsa loquitur* applies under a specific allegation of negligence contrary to the views or holdings of this Court.

Other grounds of the extraordinary petition for a rehearing have been fully considered and we think the original opinion disposed of the same. The opinion dated March 23, 1937, is adhered to and hereby reaffirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.