NATIONAL BRANDS, INC., a Florida Corporation, v. NORTON TIRE CO., INC., a Florida Corporation, for the use of the Ocean Accident and Guarantee Corporation Limited, an Insurance Corporation, and for the use of Roy H. Bullington.

7 So. (2nd) 456                                        Division B
April 7, 1942

McKay, Dixon & DeJarnette, for plaintiff in error.
Morehead & Pallot, for defendants in error.

THOMAS, J.:

The action in the circuit court was instituted by Norton Tire Co., Inc., a corporation, for the use of The Ocean Accident and Guarantee Corporation, Limited, an insurance corporation, and for the use of Roy H. Bullington, against National Brands, Inc., and culminated in judgment against the defendant for fifteen thousand dollars. Inasmuch as basis for recovery was injury to the plaintiff, Roy H. Bullington, by an employee of the defendant we will, in the interest of clarity and brevity, mention only him as plaintiff, and will refer to the plaintiff in error as defendant.

The points presented may be placed in three classifications, namely, those questioning the sufficiency of the evidence, those challenging the propriety of the court's instructions to the jury and one concerning the justness of the amount of the verdict. We will consider them in that order.

At the time of the accident resulting in his injury plaintiff was a salesman for Norton Tire Company and in that capacity solicited business from persons selling automobile accessories at retail. One J. W. Holloway was, and for several years had been, the

superintendent of the machine and repair shop of the defendant corporation, a customer of Norton Tire Company. Holloway on that day had summoned the plaintiff by telephone to call at the place of business of National Brands in order that he might discuss with him the purchase of some equipment. Plaintiff complied and when he reached the garage where Holloway worked he proceeded to the rear of the building where a machine shop was located, having been bidden on all former visits "to come on in." When he entered Holloway was cutting a piece of metal with a pneumatic cutter and was being observed by two fellow employees. As these three men watched Holloway in his work the device became clogged with metal shavings, an occurrence not unusual with apparatuses of the kind. Holloway attempted to dislodge the metal parings by pulling them with pliers and when he could not accomplish his purpose in this manner he, in a moment of petulance, struck the instrument with the pliers with the result that a piece of the blade hit the plaintiff in the eye blinding it permanently. Immediately afterward one of the other bystanders picked the fragment of the blade from the floor and exhibited it to the plaintiff.

It was established by the testimony that the blade of such an instrument is made of carbon steel and, therefore, is very brittle. It was shown by those familiar with its use that whenever the instrument becomes clogged the proper means of clearing it is to draw out the shavings with pliers or, failing that, to remove a pin and take the blade and the holder apart, which is a very simple procedure. It was proven that Holloway was thoroughly conversant wtih the construction and use of the tool.

In these circumstances, abundantly established by the evidence, it is obvious that the plaintiff was an invitee on the premises and that he was injured by the negligence of defendant's employee when the latter failed to follow the customary practice in freeing the cutter of shavings and, casting aside caution, struck it, knowing that the blade was likely to splinter because of its brittleness. It was the duty of the defendant to the plaintiff, the invitee, to have its place of business in a reasonably safe condition. This is the rule of law announced in Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, and as pointed out in that case this duty may vary with "the circumstances of each case." In the factual situation with which we are dealing there was a plain violation of that duty on the part of the defendant's employee. Taking into account his knowledge of the instrument he was using, his long experience as a mechanic and his deliberate disregard of the generally accepted method of dealing with the problem which presented itself to him by reason of the clogging of the cutter the employee Holloway created a danger by his own active negligence. By this wrongdoing on his part the very man whom he had summoned was grievously injured.

We have the conviction that the negligence of the defendant's employee was manifest and that there was no need for the plaintiff to rely upon the doctrine of res ipsa loquitur or for us to discuss that legal principle.

We have carefully examined the two instructions given by the court at the instance of the plaintiff which defendant claims were improper. When considered with the entire charge it seems to us that no

harmful error was committed by reading them to the jury.

It is impossible to fix the value of a human eye. There can be no doubt that such a loss is tremendous. We are not convinced that any error was committed on the part of the trial judge when he sanctioned the recovery by overruling the motion for new trial and we are not disposed to reverse the case because of the amount of the jury's award or to order a remittur.

The judgment of the lower court is—

Affirmed.

BROWN, C. J., TERRELL, and CHAPMAN, JJ., concur.