**STARKE COCA-COLA BOTTLING COMPANY, a corporation, v. ROSA E. CARRINGTON.**

32 So. (2nd) 583          June Term, 1947
November 21, 1947          Division B
Rehearing denied December 15, 1947

*Edwin M. Clarke, Jennings, Watts, Clarke & Hamilton* and *Jack F. Wayman,* for appellant.

*Evan T. Evans,* for appellee.

BUFORD, J.:

Appellant will be referred to as defendant and appellee as plaintiff.

Defendant manufactured and bottled coca-cola at Starke, Florida, and placed the same in its vending machine at civilian dormitory No. 2 in Camp Blanding where it was automatically delivered to customers upon the insertion of a coin in a slot constituting a part of the defendant's vending machine.

Plaintiff was employed as an assistant hostess at civilian dormitory No. 2. On November 8, 1945, plaintiff placed a coin in the automatic vending machine for the purchase of a bottle of coca-cola. Thereupon a bottle of coca-cola came into position for plaintiff to receive it. Plaintiff lifted it with her right hand and as she started to transfer it to her left hand, pre-

paratory to opening it, the bottle exploded and seriously cut and wounded her hand.

The record shows that the bottle of coca-cola was not handled or touched by anyone except the defendant and its servants and employees until it came from the vending machine in the manner intended by the defendant and plaintiff took hold of it for the purpose of opening and consuming the contents.

A case directly in point is Benkendorfer v. Garrett, _____, Tex. Civ. Appl. _____, 143 S.W. (2) 1020, where it was held:

"Where beverage bottle which exploded as retailer took hold of the bottle for purpose of removing it from its case and placing it in beverage cooler and injured retailer's hand, had not been molested or moved in any way except by manufacturer's servant from time of delivery until explosion, doctrine of res ipsa loquitur was applicable in dealers action against manufacturer for personal injuries and Court was authorized to draw conclusion that explosion was result of manufacturer's negligence."

In Payne v. Rome Coca-Cola Bottling Company, 10 Ga. App. 762, 73, S.E. 1087, the court, inter alia, said:

"A bottle of Coca-Cola manufactured and sold by the defendant exploded, and fragments of glass flew into the plaintiffs' eye and destroyed the sight. The plaintiff alleges that the water in the bottle had been charged with carbonic acid gas, and that the explosion was due to the fact that the bottle was too highly charged with the gas by the defendant . . . The bottle of Coca-Cola was bought by the plaintiff's brother from Cook, a retail vendor, who bought it from Barnett, to whom it was sold by the defendant. There was nothing in the appearance of the bottle to differentiate it from other bottles of Coca-Cola put on the market by the defendant . . . There was no direct evidence in reference to the manner in which the bottle was charged, nor as to the quantity of gas used. . . .

"If the plaintiff can recover at all, he can do so only upon the application of the maxim of res ipsa loquitur. The occurrence was unusual. Bottles filled with a harmless and refreshing beverage do not ordinarily explode. When they do,

an inference of negligence somewhere and in somebody may arise. There is no presumption of law but merely an inference of fact. Negligence is not necessarily to be inferred, merely from the act itself; but the tribunal designated by the law to decide the issues and fact may infer negligence from the happenings of an event so unusual. . . . But it is said that before the doctrine can be applied, the act must speak not only of negligence, but of negligence on the part of the defendant. To this, of course, all are agreed. But the argument of the able and earnest counsel for the defendant is that the principles at the foundation of the maxim cannot be applied here, because the bottle was not in possession or control of the defendant when it exploded; that, therefore, there can arise no inference that it was negligent; and that if negligence is to be inferred, it must be ascribed to the vendor, from whom the plaintiff's brother bought the bottle, or to the brother himself. . . .

Granting, for the sake of argument, that, prima facie, inferential negligence will be imputed to the person who sold the bottle to the plaintiff's brother, or to the brother himself, the inference is completely rebutted when it affirmatively appears, as it does here, that neither was at fault, that neither handled the bottle improperly, or did anything to change the condition from that in which it was when received. Since for every effect there is a cause, where negligence exists, someone must be the reasonable author. If he can be found, it is right that he should pay the penalty. The bottle exploded. Inferentially someone was negligent. It was not Cook, the last vendor of the bottle, nor the plaintiff's brother, nor the plaintiff nor yet Barnett because they all stand exonerated by direct or circumstantial evidence of their freedom from fault. But the inference of negligence remains, and someone is prima facie to blame. By process of elimination, we get back to the manufacturer who sets the dangerous agency in motion, and upon whom the blame ought inferably to be fastened."

See also Coca-Cola Bottling Works v. Shelton, 214 Ky. 118, 282 S.W. 778; Bradley v. Conway Springs Bottling Co., 154 Kans. 282, 118 Pac. (2nd) 601; Stolle v. Anheuser Busch, Inc., 307 Mo. 520, 271 S.W. 497, 39 A.L.R. 1001; Auzenne v. Gulf Public Service Co., _____ La. App. _____, 181 So. 54; Grant v.

Graham Chero-Cola Bottling Co., 176 N.C. 256, 97 S.E. 27, 4 A.L.R. 1090.

So it appears to be settled that the doctrine of res ipsa loquitur applies under factual conditions such as are shown to have existed in this case.

This case is to be differentiated from that of Hughes v. Miami Coca-Cola Bottling Co., 155 Fla. 299; 19 So. (2nd) 862 because in that case there was no affirmative showing on the part of the plaintiff that the bottle after it left possession of the bottler was not subjected to any unusual atmospheric changes, or changes in temperature, or that it was not handled improperly up to the time of the explosion. That sort of proof is not lacking in this case. Here the defendant bottled the Coca-Cola. It took the Coca-Cola and placed it in its vending machine, which machine was so locked that no one except the defendant could get to the bottles therein without placing a coin in the machine and thereby having a bottle of Coca-Cola automatically delivered to the purchaser. So the bottle never left the possession and control of the defendant until it was passed from defendant's vending machine to the hand of the plaintiff. It was also contended by the defendant that plaintiff may not recover here because in her declaration she alleged: .

"That defendant so carelessly and negligently bottled said Coca-Cola that while plaintiff had the same in her hand as aforesaid, the said bottle exploded and thereby plaintiff's hand was cut, lacerated and mangled by reason whereof plaintiff has suffered great pain and anguish and will continue to suffer great pain and anguish for a long time;"—and the record shows that the bottle burst after it had passed from the possession and control of the defendant and at a place several miles from the bottling plant and at a time subsequent to the completion of the bottling process and that because of these conditions plaintiff is not entitled to the benefit of the doctrine of res ipsa loquitur. We think this contention is without merit, in view of our holding in Breit v. Haas 126 Fla. 835, 172 So. 697. See also Biddle v. Riley, 118 Ark. 206, 176 S.W. 134, L.R.A. 1915-F 992.

We have considered other questions presented in the brief but see no good purpose that could be served by discussing them.

We find no reversible error in the record and, therefore, the judgment is affirmed.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.