HOLT, Justice
(specially concurring).
Appellant, Tamiami Trail Tours, Inc., brought this action for damages in the Circuit Court of- the Ninth Judicial Circuit in and for Orange County. Final judgment was entered below for appellee, Frank L. Locke, doing business as Acme Auto Service.
An examination of the metamorphosis of res ipsa loquitur in Florida reveals that the formula established by this court as the test of applicability of the doctrine is arbitrary *589 and therefore in need of a re-appraisal, to the end that a plaintiff in some instances is not given a burden of proving negligence on the part of the defendant by more than a preponderance of evidence. Foster v. Thornton, 113 Fla. 600, 152 So. 667; Breit v. Haas, 126 Fla. 835, 172 So. 697; American Dist. Electric Protective Co. v. Seaboard Air Line Ry. Co., 129 Fla. 518, 177 So. 294; Orr v. Avon Florida Citrus Corp., 130 Fla. 306, 177 So. 612; Reichenbach v. New Alamac Hotel Corp., 141 Fla. 797, 194 So. 250; Coaster Amusement Co. v. Smith, 141 Fla. 845, 194 So. 336; National Brands, Inc., v. Norton Tire Co., Inc., 150 Fla. 349, 7 So.2d 456; Hughs v. Miami Coca Cola Bottling Co., 155 Fla. 299, 19 So.2d 862; Johnson v. City of Jacksonville, 157 Fla. 14, 24 So.2d 717; Orme v. Burr, 157 Fla. 378, 25 So.2d 870; Starke Coca-Cola Bottling Co. v. Carrington, 159 Fla. 718, 32 So.2d 583; Groves v. Florida Coca-Cola Bottling Co., Fla., 40 So.2d 128; St. Petersburg Coca-Cola Bottling Co. v. Cuccinello, Fla., 44 So.2d 670; Henning v. Thompson, Fla., 45 So.2d 755; Yarbrough v. Ball-U-Drive System, Inc., Fla., 48 So.2d 82; West Coast Hospital Ass’n v. Webb, Fla., 52 So.2d 803; Schott v. Pancoast Properties, Fla., 57 So.2d 431; Frash v. Sarres, Fla., 60 So.2d 924; Tampa Transit Lines, Inc., v. Corbin, Fla., 62 So.2d 10; Goff v. City of Fort Lauderdale, Fla., 65 So.2d 1; Miami Coca-Cola Bottling Co. v. Reisinger, Fla., 68 So.2d 589.
A fortiori, the need is clearly disclosed in light of this court’s holdings in the exploding bottle cases, where the strict formula previously followed by this court has been extended. See Starke Coca-Cola Bottling Co. v. Carrington, and Groves v. Florida Coca-Cola Bottling Co., supra.
It must be understood from the outset that the doctrine is merely a species of circumstantial evidence. Negligence may, of course, be proved by circumstances. Foster v. Thornton, supra. Once this obstacle is surmounted, the principle that negligence may be inferred from the mere occurrence of an accident, can be applied with fairness and without fear of abuse or restraint.
Quite recently, in Frash v. Sarres, supra [60 So.2d 925] we restated the formula for the application of the doctrine as follows :
“In the case of American Dist. Electric P. Co. v. Seaboard Air Line Ry. Co., 129 Fla. 518, 177 So. 294, 297, this Court said:
“ ‘A phrase often used in actions for * * * negligence where no proof of negligence is required beyond the accident itself, which is such as necessarily to involve negligence. * * *
“ ‘The doctrine is that when a thing which causes injury without default of the person injured, is shown to be under the exclusive control of the defendant and would not cause the damage in ordinary course if the party in control used proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from defendant’s want of care ;***.’ ”
Obviously, in those cases where the defendant is in exclusive control, possession or management of the thing causing the injury when the accident occurs, and the plaintiff is eliminated as the cause, it is a simple matter, after inferring that the plaintiff has been injured by someone’s negligence to infer that it was the defendant’s negligence, in the absence of an explanation by the defendant. With the holding in Starke Coca-Cola Bottling Co. v. Car-rington, supra, this Court vitiated possession or control as a requirement of the doctrine in the exploding bottle cases. In Groves v. Florida Coca-Cola Bottling Co., supra, the court applied res ipsa loquitur when the defendant was far removed from the scene of the accident and the control of the thing causing the injury had passed through the hands of intervening agencies. At page 129 of 40 So.2d, Mr. Justice Se-bring, speaking for the Court wrote:
“It is recognized by the decisions of this court that a manufacturer of bottled beverages may be held liable for injuries resulting from exploding beverage bottles after they have passed from the possession and control of themanufacturer, even though the injured person may fail to offer any direct proof of negligence on the part of the manufacturer. * * * ”
*590 This negation justified the application of the doctrine in Yarbrough v. Ball-U-Drive System, Inc., supra. Yarbrough rented a truck from Ball-U-Drive System. He had delivered a load of azalea plants to a customer in Macon, Georgia. While he was returning to Jacksonville, unloaded, and driving at a moderate rate of speed on no abnormally rough pavements, the forward end of the truck drive shaft became detached, causing the truck to turn over two or three times. Yarbrough was killed and two of his employees accompanying him were injured. This Court stated in 48 So. 2d at page 84 of its opinion:
“* * * We are not troubled with the absence here of the element of exclusive control by the defendant of the thing causing the injury, for this case, in our opinion, falls within the exception to the rule like those instances where injuries have resulted from the explosion of bottles containing carbonic acid gas that had passed from the possession of the vendor to the possession of the consumer. From the nature of appellee’s ‘U-drive-it’ business representatives of the renter do not accompany the customers to whom cars are rented. Appellee had control of the truck in question up to the very time it was entrusted to Yar-brough, and that satisfied this requirement of the rule.”
Necessarily, as before the negation of this requirement, the plaintiff must satisfy the trier that the defendant owes the plaintiff a duty and a causal connection exists •between the defendant’s breach of that duty and the plaintiff’s injury.
In 37 California Law Review 183, The Honorable William L. Prosser, Dean of the School of Jurisprudence of the University of California, writing on res ipsa loquitur in California, advances the concept of prob-ablities as test of whether negligence can he inferred from the mere occurrence of an accident, after the plaintiff has reasonably absolved himself as the cause. Once negligence is inferred the same concept is suggested to determine if the accident was caused by the defendant’s negligence. At pages 194 and 195 of his article the Dean wrote:
“In civil cases the plaintiff has the burden of proving his case by a bare preponderance of the evidence. . This means that he must satisfy the triers of' fact that fifty-one per cent of the probabilities are in his favor. In negligence cases he is required only to convince the jury that it is more likely that his injuries were caused by negligence than that they were not. He must do so by evidence, and by mere speculation and conjecture; and where the probabilities are at best evenly balanced between negligence and its absence, it becomes the duty of the court to direct the jury that there is no sufficient proof. A case of res ipsa loqui-tur is no exception to these familiar rules. It is the plaintiff’s task to make out a case from which, on the basis of experience, the jury may draw the conclusion that negligence is the most likely explanation of the accident. That conclusion is not for the court to draw, or to refuse to draw so long as there is enough to permit the jury to draw it; and even though the court would not itself infer negligence, it must still leave the question to the jury where reasonable men may differ as to the balance of probabilities.”
Beginning with Section 3, page 196 and again at pages 197 and 198 of his article, Dean Prosser further stated:
“It is never enough for the plaintiff to prove merely that he has been injured by the negligence of someone unidentified. Even though there is, beyond all possible doubt, negligence in the air, it is still necessary to bring it home to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is quite clear that it is at least equally probable that the negligence was that of a third person, the court must direct the jury that the plaintiff has not proved his case. * * *
“Thus, even though the facts cry loudly of someone’s negligence, it is *591 still the plaintiff’s task to fix that negligence upon the defendant. * * *
“* * * Here again the plaintiff needs only a preponderance of the evidence, and he need not definitely exclude all other possible conclusions. * * * Where such other causes are in the first instance equally probable, there must be evidence which will permit the jury to eliminate them; * * Only enough is required, however, to permit a finding as to the greater probability.”
After carefully weighing the probable causes of the uncoupling of the tractor and the trailer in the case now before the Court, and all other pertinent factors present, there is no question that a compelling inference of negligence arises. The parties hereto are bound by the stipulated facts. Columbia Bank for Cooperatives v. Okeelanta Sugar Cooperative, Fla., 52 So.2d 670. It is the province of the jury to determine if there was negligence in fact and that such negligence, if any, was that of the defendant. I therefore concur in the conclusion that this cause should be remanded to the lower court for appropriate instructions to the jury.