DREW, Justice.
Plaintiff was injured by an exploding bottle which is alleged to have come from defendant’s plant. Plaintiff purchased the bottle from a retail dealer, who kept the bottles in a manner unknown to us through the record. Plaintiff took the bottle in a crate from the retail store and placed it in the back of his car. (Plaintiff testified on deposition that the bottle was in a crate “sitting down on the floor board back of the front seat.”) Plaintiff then drove at least two miles over a dirt road to his destination. At his destination plaintiff began to unload the bottles from his car into a carton on the ground by having Anne Stewart hand the bottles from the car to him. After he took one of the bottles from her, the bottle exploded in his hand causing the injury. Although plaintiff testified that the road was “not rough,” he could not testify as to the condition of the bottles during the trip or at the end of the trip: “I don’t know whether any of the bottles were out of the crate or not * * * ” “I do not have any independent knowledge of whether any of them had fallen on the floor because it was dark in the car and I couldn’t swear whether they were in the crate or not.” Anne Stewart testified in an affidavit that “the case of coca-cola had fallen down to an angle and a number of bottles had fallen down out of the crate.” She further testified : “These coca-colas had been shaken up considerably on the rough ride. One of the coca-colas which I was handing to Mr. Burkett [the plaintiff] broke and struck him on the bridge of the nose. This particular bottle was one of the ones which had fallen to the floor of the automobile.”
The trial judge granted a summary judgment for defendant upon pleadings, depositions and affidavits. Rule 1.36, 1954 Rules of Civil Procedure, 30 F.S.A.
There was no genuine issue as to the fact that the bottle causing the injury had fallen to the floor of his car while plaintiff had the bottle under his control. Only two people had an opportunity to observe the fact, plaintiff and Anne Stewart. Plaintiff had no personal knowledge, but Anne Stewart positively testified that the bottle which injured plaintiff “was one of the ones which had fallen to the floor of the automobile.”
Facts which can be classed as “material” are determinable only through examination of rules which have been established in substantially similar actions. There have been a number of “exploding bottle” cases in this jurisdiction in which the doctrine of res ipsa loquitur has been discussed. The only aspect of these cases necessary to the present holding is the requirement that a plaintiff must make an affirmative showing that after the bottle left the control of the bottler it was not subjected to outside forces which reasonable inference would posit caused the explosion. See Miami Coco-Cola Bottling Co. v. Reisinger, Fla.1953, 68 So.2d 589; Groves v. Florida Coca-Cola Bottling Co., Fla.1949, 40 So.2d 128; Starke Coca-Cola Bottling Co. v. Carrington, 1947, 159 Fla. 718, 722, 32 So.2d 583, 585; and Hughs v. Miami *582 Coca-Cola Bottling Co., 1944, 155 Fla. 299, 19 So.2d 862.
It has been said of the required affirmative showing that “the law does not require that the injured person eliminate each and every remote possibility of injury to the bottle up to the time of the explosion. It is enough if the evidence is such as to permit a reasonable inference in light of all the circumstances that the bottle was not accessible to extraneous harmful influences after it left the possession of the bottler and that it was handled in a reasonably careful manner by the injured person and others who may have had reason to move or touch it.” Groves v. Florida Coca-Cola Bottling Co., 40 So.2d at page 130.
A bottle which a plaintiff has permitted to fall to the floor of a moving automobile has been exposed to “extraneous harmful influences” which prohibit a cause of action based upon a res ipsa loquitur claim against the manufacturer. Therefore, since there was no genuine issue as to any material fact and since the defendant was entitled to judgment as a matter of law, the trial judge properly entered summary judgment for the defendant. Rule 1.36(c), 1954 Rules of Civil Procedure.
The appellant takes a rather curious position “that the statement of Anne Stewart in her affidavit was too incredible to warrant belief in a court of justice.” The argument of counsel based upon the court’s presumed knowledge of what a coca-cola bottle will not do when placed in a crate in the back of a moving car is somewhat less than scientifically appealing. Courts normally act upon proof which is presented as a matter of record, and circumstances in the present case are far from presenting reasons for making an exception.
The plaintiff furthermore claimed a right to cross-examine the witness, Anne Stewart, whose testimony was by affidavit. Apparently he claims a right to cross-examine her before a jwry, because he has made no adequate showing of why he did not secure his right to take the deposition of Anne Stewart, although she was known by plaintiff to be a material witness at the time suit was filed. If there were such an indefeasible right to cross-examine any witness before the trier of facts, there could be no summary judgment upon affidavits. Rule 1.36 clearly provides that there can be such judgment upon affidavits. Cf. Carver City Homes, Inc., v. Edwards Sash, Door & Lumber Co., Fla.1952, 59 So.2d 742. Rule 1.36(e, f and g) provides safeguards in the use of affidavits; for instance, (e) requires them to be made on personal knowledge, to set out facts admissible in evidence, to show competence of the witness in the matter, and permits affidavits to be opposed by depositions. This does not fail to take into account that where there is a genuine issue of fact, summary judgment does not apply. The Federal Court of Appeals for the Second Circuit has apparently adopted a rule, which is exemplified in the case of Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, to the effect that a party against whom the affidavit of an interested witness or party is offered in support of a motion for summary judgment can demand the right to cross-examine such witness before the trier of facts if the matter testified to was a matter peculiarly within the knowledge of the witness. This Court specifically does not decide whether or not it would adopt such a rule if the proper situation were before the Court. In the case at bar there is no indication that the witness (who was not a party) had any interest in the suit, and her testimony related entirely to her personal observation of external phenomena. There is no indefeasible right in this situation for the plaintiff to cross-examine this witness before the trier of facts.
Appellant also contends that specific negligence could have been proved under the pleadings, and that since the affidavits and depositions did not conclude the issue of specific negligence, the summary judgment was improper. The material words of the complaint are: “On or about the 13th day of August, 1955, the defendant Panama City *583 Coca-Cola Bottling Company recklessly or carelessly and negligently bottled, or caused to be bottled a certain bottle of beverage known as Coca-Cola, which said bottle of Coca-Cola exploded into and against the plaintiff who was then and there holding said Coca-Cola in his, the plaintiff’s hand.”
Plaintiff suggests that such a complaint be treated as a counter-affidavit analogous to the situation in Booth v. Board of Public Instruction, Fla.1953, 67 So.2d 690. In the Booth case the complaint alleged that certain property had been improved. The answer denied such improvement. The affidavit supporting defendant’s motion for summary decree on this point was by an agent of defendant stating that the property was unimproved “except for a ‘dilapidated shack.’ ” It was in this setting that the court there said “in this case, the complaint having been verified, it should have been accorded equal dignity with the affidavits supporting the motion, and could have been treated as a counter-affidavit.” 67 So.2d 691. In the present case plaintiff alleged that defendant negligently bottled a certain beverage. Defendant denied any negligence. On motion for summary judgment, defendant introduced the affidavit of an expert, who had examined the pieces of the bottle and concluded:
“The presence of the definite star fracture, the sloping fracture surfaces, the rib markings, and the general fracture pattern are all typical of fracture .by external impact.
“The bottle was sound and properly crowned before it was broken by striking it against a hard object.
“The evidence shows that the fracture progressed from the percussion point in three directions. One fracture went upward into the crown through the lip of the bottle, while the other two spiralled downward in opposite directions to meet on the opposite side of the bottle. From this meeting point the smooth fracture split s under pressure up through the lip of the bottle. The pressure of the expanding gas forced the fragments apart and crushed the glass inside the crown, thus forcing a slight flare in the crimp.
“There is no evidence that the bottle was in any way defective, or that the breakage was caused by internal pressure.”
Plaintiff offered no affidavits to show any specific act of defendant which might have been considered a breach of duty. Under such conditions, the mere allegations of “recklessly or carelessly and negligently” bottling which were successful in pleading will not be considered adequate statements of fact to meet affidavits of the type offered by defendant which make far less general conclusions.
Affirmed.
TERRELL, C. J., and PIOBSON, ROBERTS, THORN AL and O’CONNELL, JJ., concur.
THOMAS, J., not participating.