141 So.2d 343 (1962)
NATIONAL AIRLINES, INCORPORATED, Appellant,
v.
Mable E. FLEMING, Appellee.
No. D-41.
District Court of Appeal of Florida, First District.
May 15, 1962.
*344 Barron & Hilton, Panama City, for appellant.
Logue & Bennett, Panama City, for appellee.
CARROLL, DONALD K., Chief Judge.
The defendant has appealed from a final judgment entered by the Circuit Court for Bay County based upon a jury verdict.
The evidence adduced at the trial of the action by the plaintiff showed that on September 5, 1959, the plaintiff was a passenger aboard one of the defendant's Convair-type aircraft traveling from California to Panama City, Florida. Upon arriving at Panama City, the plaintiff was the first passenger to disembark. As she prepared to deplane she looked down the exit stairway, and, seeing nothing unusual in its appearance, she began her descent, gripping the handrail. As she was taking her fourth step, the stairway either shifted or settled and caused her to fall headlong down the remaining distance to the concrete runway, fracturing her kneecap. The stairway had come to rest upon a "blob" or lump of an asphalt-like substance protruding from the expansion joints of the concrete runway, such position being the cause of the shifting or settling of the stairway.
The stairway involved in this case is a retractable one which is a permanent part of the aircraft. It consists of two sections containing a total of eleven steps and a handrail, each section being connected with the other.
The plaintiff's theory of liability is that the defendant was negligent in failing to provide a safe mechanism upon which to deplane; that the mechanism was unsafe due to the defendant's failure to properly extend the mechanism to the runway and due to the defendant's failure to test the stability of the folding stairway after it reached the ground. The plaintiff relied upon these specific acts of negligence and also upon the doctrine of "res ipsa loquitur."
We think that the following excerpt from 4 Fla.Jur. Aviation, Sec. 36, is a correct statement of the duty of a carrier by aircraft in this state:
"Carriers by aircraft are governed by the same rules respecting the duties and the degree of care owing to passengers as are other common carriers. And while, as in the case of other common carriers, the law does not require airplane companies to exercise all the care, skill, and diligence of which the human mind can conceive, nor such as will free the transportation of passengers from all possible perils, it does impose upon a common carrier by aircraft the duty of exercising with respect to passengers, the highest degree of care consistent with the practical operation of the plane. It must use such degree of care not only with respect to the operation of the plane, but *345 also with respect to its equipment, its maintenance, and the adjustment of all its parts. In determining whether or not an airplane carrier of passengers exercised the highest degree of care, the agency which was being employed must be kept in mind."
The defendant insists that, while a high degree of care is owed a passenger by a common carrier, such a carrier is not an insurer of the safety of its passengers  which proposition is the law in this state.
One of the principal points urged by the appellant on this appeal is that the trial court erred in instructing the jury on "res ipsa loquitur," because this doctrine is inapplicable to the facts of this case, especially since the jury had already been instructed regarding specific negligence.
In one of its charges the trial court instructed the jury:
"* * * If you do not find any specific acts of negligence, the plaintiff is not necessarily precluded from the case here, for there is an additional theory, upon which the plaintiff is proceeding and that is the doctrine * * * of res ipsa loquitur."
The rule is well established in Florida that, where a thing is under the management of the defendant or its servants and the accident is such as in the ordinary course of events does not happen if those who have the management use proper care, it affords reasonable evidence under the res ipsa loquitur doctrine, in the absence of a sufficient explanation by the defendant, that the accident arose from the want of due care. Orme v. Burr, 157 Fla. 378, 25 So.2d 870 (1946). American Dist. Elec. Protective Co. v. Seaboard Air Line Ry. Co., 129 Fla. 518, 177 So. 294 (1937).
We hold that the doctrine of res ipsa loquitur is applicable to the facts established by the evidence in the instant case and properly invoked by the plaintiff. Certainly the folding stairway was under the exclusive management and control of the defendant or its employees and we think the accident could not have happened without negligence on the part of the defendant.
The further question remains, however, whether it was proper for the trial court to instruct the jury on negligence and also on res ipsa loquitur. The point was effectively disposed of by the Supreme Court of Florida in South Florida Hospital Corporation v. McCrea, 118 So.2d 25 (1960), when that court said:
"There thus seems to be divided views among the courts of the nation as to the applicability of the doctrine when evidence of specific negligence is introduced by the plaintiff. The court below, in the pronouncement now under examination, places Florida among those jurisdictions which hold that the plaintiff may, in a proper case, resort to both evidence of specific negligence and to the inferences and presumptions of the doctrine of res ipsa. The decision specifically rejects alignment with those jurisdictions holding that resort to evidence tending to show or directly showing specific negligence will always render res ipsa wholly inapplicable."
The Supreme Court further said that in an earlier decision the court had said "* * * it was no harmful error to a plaintiff, who was the loser in a jury verdict, for the court to have given a charge under which the jury could have returned a verdict for plaintiff either on specific negligence or the res ipsa doctrine."
We have considered the other points raised by the appellant on this appeal and find them to be without substantial merit.
Finding no reversible error in the record before us, we conclude that the final judgment appealed from must be, and it is
Affirmed.
WIGGINTON and RAWLS, JJ., concur.