SMITH, CULVER, Associate Judge.
In this cause the trial court granted a motion to dismiss appellant’s amended complaint on the grounds that it failed to state sufficient facts showing a causal connection or relationship between any act of commission or omission, on the part of ap-pellee, in connection with the damages alleged. Appellant declined to amend further, and a final judgment was entered in favor of the appellee. Appellant takes this appeal from the entry of that judgment.
This suit was brought by appellant individually, and as administrator of the estate of Thomas R. Romans, Jr., claiming damages for the alleged wrongful death of the latter. The amended complaint stated the position of the parties, that the deceased paid a fee for admission to the premises of the appellee, which were open to the public, and that deceased intended to “free” dive in an area where the water’s depth ex *184 ceeded 100 feet. Nowhere is it alleged that deceased was engaged in “free” diving at the time of his death. Appellant further alleged a duty on the part of appellee to provide sufficient trained personnel, adequate equipment, and to promptly go to the aid of anyone who became imperiled. Thereafter, the amended complaint reads as follows:
"11. The decedent, while diving in Warm Mineral Springs on the aforesaid date, drowned by reason of the wrongful act, negligence, carelessness or default of the defendant, WARM MINERAL SPRINGS, INC. or its agents or employees, in its failure to use reasonable care for the safety of the swimmers, divers and other persons in or about the water in that:
“A. They allowed the decedent to dive in waters of great depth with the knowledge that, while so doing, his life might become imperiled.
“B. They knowingly failed to provide sufficient trained lifeguard personnel to supervise the activities of the decedent and other members of the public who were utilizing the springs;
“C. They failed to provide adequate equipment for effecting a deep-water rescue;
“D. They failed to promptly go to the decedent’s aid and rescue when his life became imperiled.
“12. The aforesaid negligence of the defendant, its agents or employees was the direct and proximate cause of the death of THOMAS R. ROMANS, JR., by drowning, all to the plaintiff’s damage for the loss of service of said minor child and for the mental pain and suffering of the father, THOMAS R. ROMANS, SR., and the mother, EVELYN STEINERT ROMANS, and for funeral expenses incurred by the plaintiff, all in excess of Five Thousand Dollars ($5,000.00).”
We concur in the holding of the court below. The amended complaint fails to state sufficient facts to show a causal connection between appellee’s alleged negligence and the drowning of the deceased. The rule is stated in 23 Fla.Jur., Negligence, § 105, to be:
“Although guilty of a negligent act, one is civilly liable only for an injury, or for injuries, proximately caused by that negligent act, and it is essential to the statement of a good cause of action in negligence that the plaintiff’s pleading show that the defendant’s negligence as set forth was the proximate cause of the injury of which the plaintiff complains.’’
The allegations of paragraph 12 of the amended complaint do not satisfy the requirements of good pleading, since such words constitute mere conclusions of the pleader. It is still required that where negligence is the basis of an action, the complaint must contain not only allegations of the negligent acts or omissions complained of, but also allegations of fact showing that the injury, or death, was the proximate result of the negligence alleged.
Appellant urges, in his brief, that he has satisfied the requirements of Rule I.8, Florida Rules of Civil Procedure, 30 F.S.A. To this we do not agree. Rule 1.8 still requires plaintiff to state a cause of action. Appellant further argues that the present rules of procedure provide the parties a means of obtaining all relevant facts through discovery procedures. Though this may be true, discovery was never intended to alter the requirements of pleading. A party is not burdened with resorting to discovery in order to be apprised of the essentials of the charge made against him.
The judgment of the Court below is affirmed.
ALLEN, Acting C. J., and SHANNON, J., concur.