PER CURIAM.
Plaintiff in the trial court appeals from an adverse final judgment, rendered upon a directed verdict in a personal injury action. He sought damages for injury sustained while a passenger in a limousine ■owned by Red Top Cab and Baggage Co., and operated by Red Top Sedan Service, Inc., which had been purchased initially from the appellee, General Motors Corporation. The sole theory of liability pleaded or attempted to be proved by the plaintiff was the liability of the defendants under the doctrine of res ipsa loquitur.
We affirm the action of the trial judge in that the record on appeal failed to reveal any control in the appellee, General Motors Corporation, to warrant the application of res ipsa loquitur [see: American District Electric Protective Co. v. Seaboard Air Line Railway Company, 129 Fla. 518, 177 So. 294; Frash v. Sarres, Fla.1952, 60 So.2d 924], and that the evidence failed to reveal any failure on the part of the ap-pellees, Red Top Cab and Baggage Co., and Red Top Sedan Service, Inc., in the exercise of due care in the maintenance of their equipment. To the contrary, they demonstrated that the defect causing the accident was a latent one, undiscoverable by inspection. In this connection, see: Schott v. Pancoast Properties, Fla.1952, 57 So.2d 431; Hine v. Fox, Fla.1956, 89 So.2d 13; Martin v. Powell, Fla.App.1958, 101 So.2d 610; Brookshire v. Bendix Co., Fla.App.1963, 153 So.2d 55, Cert. Denied, Fla.1964, 163 So.2d 881.
Therefore, for the reasons stated above, the actions of the trial judge, here under review, are hereby affirmed.
Affirmed.