PEARSON, Judge.
The plaintiff in the trial court appeals a final judgment dismissing her complaint with prejudice. The question presented is whether the complaint, in which plaintiff alleged that a restaurant served her food containing a foreign substance, stated a cause of action for negligence. We hold that the complaint stated a cause of action and reverse the order dismissing the complaint.
Appellant’s complaint was originally in two counts; the first on the theory of implied warranty, and the second on the theory of negligence. The trial judge dismissed the count alleging negligence upon the ground that it did not state a cause of action. He subsequently dismissed the count alleging breach of an implied warranty upon the ground that it affirmatively appeared from the allegations of the first count that the cause of action was barred by the statute of limitations. Final judgment was entered and this appeal followed.
No issue is raised regarding the dismissal of the count alleging a breach of an implied warranty. The appellant concedes that her action on this theory of law is. barred. We do not therefore further discuss this ruling.
The allegations of the complaint as to negligence were: (1) the defendant owned and operated a restaurant in the Fontaine-bleau Hotel, Miami Beach, Florida; (2) the plaintiff, as a patron in said restaurant,, paid the price for and was served a portion *32 of food which she ate; (3) the food was not fit for proper consumption because it contained brown glass or crockery which injured the appellant; (4) the defendant negligently and carelessly served the food containing the foreign substance to the plaintiff; (5) as a result of said negligence, the plaintiff sustained designated injuries.
The appellee urges that the complaint was defective because it did not allege ultimate facts which, if established by competent evidence, would support a judgment under the law. See Kislak v. Kreedian, Fla.1957, 95 So.2d 510; Romans v. Warm Mineral Springs, Inc., Fla.App. 1963, 155 So.2d 183. On the other hand, the appellant asserts that she is not required to make specific allegations of how the food was prepared and how the glass got into the food because she may be aided by the doctrine of “res ipsa loquitur” in proving her allegations of negligence. See “Application of the Doctrine of Res Ipsa Loquitur to Food Cases”, 3 Mia.L.Q. 613 (1949); “Pleading in Res Ipsa Loquitur Cases”, 23 Ohio St.L.Jl. 450 (1962); and Note, 31 Mich.L.Rev. 817 (1933).
Appellee urges that for the doctrine to be applicable, there must be an allegation in the complaint that the instrument of damage was in the exclusive control of the defendant. It urges that this condition is not met by the factual allegations of this complaint because the complaint does not negative the existence of a third party who may have supplied the food to the restaurant. In other words, for the purpose of that argument, the appellee concedes that if the complaint had contained an allegation that the restaurant was the manufacturer of the food, then a cause of action in negligence would have been stated.
Rule 1.8(d) of the Florida Rules of Civil Procedure, 30 F.S.A. specifically provides that the answer must set forth affirmatively “any * * * matter constituting an avoidance or affirmative defense.” The existence of a supplier may excuse the restaurateur in some circumstances. See cases collected in 77 A.L.R.2d 114 et seq. The existence of such circumstances and a supplier are matters peuliarly within the knowledge of the restaurateur; therefore, they appear to be a defense rather than an element to be negated by the complaint.
We hold that the complaint stated a cause of action and that the trial judge improperly dismissed the count alleging the negligent injury of the plaintiff. Inasmuch as the doctrine of res ipsa loquitur is a rule of evidence, and its applicability to a given case is to be determined by the evidence (American Dist. Electric P. Co. v. Seaboard Air L. Ry. Co., 129 Fla. 518, 177 So. 294 (1937); W. J. Kiely & Co. v. Dickey, Fla.App.1960, 124 So.2d 731), we express no opinion upon its availability at trial.
Reversed and remanded.