SWANN, Judge
(dissenting).
Marie Chisenhall, appellant, is the widow and administratrix of the estate of Paul Chisenhall, her deceased husband. She sued the Board of County Commissioners,, acting as the Dade County Port Authority; the Sheriff of Dade County, Florida, and others, for damages under the Florida Survival Statute and Wrongful Death Statute. The trial court dismissed her amended complaint against the Port Authority, with prejudice, and she has appealed.
The original complaint alleged, generally, that her deceased husband, Paul Chisenhall, was employed as a private detective to escort Lloyd Ashley Cuff from Detroit, Michigan, to Miami, Florida, and to put Cuff on a plane to Jamaica. It was alleged that Chisenhall had requested the Port Authority, as owner and operator of Miami International Airport, to provide a safe place of custody for Cuff and Deputy Sheriff Carlos Stuteville was assigned to take custody of Cuff; that Stuteville took custody of Cuff and they all went to a waiting room at the airport. Deputy Sheriff Stuteville, without provocation, allegedly threatened and struck Cuff; a fight ensued between these two. Cuff then took a gun from Stuteville and shot both the deputy sheriff and Chisenhall. The plaintiff asserts that negligence on the part of Stuteville caused Chisenhall to be fatally wounded and that Stuteville was acting in the scope of his employment by the Port Authority, or the Sheriff of Dade County,. Florida.
*542 The amendments to the complaint essentially charged the Port Authority with negligence in failing to provide a safe place for Cuff, when it knew or should have known that he was incompetent and dangerous ; that it failed to employ personnel for persons it knew, or should have known to be dangerous; that its employee, agent and servant, Stuteville, failed to exercise reasonable care, custody and maintenance of Cuff, and that these negligent acts proximately caused the wrongful death of Chisenhall, and that, in the alternative, the Port Authority had the legal responsibility to provide safe premises for its invitees and that the negligent acts of Stuteville, whether he was the employee or the agent of the Port Authority, or the Sheriff, must be imputed to the Port Authority by reason of its legal responsibility as the owner of Miami International Airport.
The sole question on appeal then is the legal sufficiency of the complaint, as amended, to state a cause of action against the Port Authority.
The allegations contained in the complaint, as amended, must be taken as admitted for the purpose of a motion to dismiss. The gravamen of the complaint, as amended, was the alleged tortious conduct •of Deputy Sheriff Stuteville. Pie is alleged to be the employee of the Sheriff, and his negligent actions are claimed to be 'imputed to the Port Authority; or, alternatively, he is alleged to be the employee, agent and servant of the Port Authority whose negligent acts or omissions proximately caused the wrongful death of Chisenhall. The procedure of pleading in the alternative has been approved in Arcade Steam Laundry v. Bass, Fla.App.1964, 159 So.2d 915; Rule 1.110(g), 1967 Revision, Florida Rules of Civil Procedure (formerly Rule 1.8g), 30 F.S.A. It may be that the plaintiff will be unable to prove any of these allegations, but they are admitted as true at this posture.
The complaint, as amended, appears to sufficiently allege negligent acts, or omissions, and the proximate results thereof, to state a cause of action. See Romans v. Warm Mineral Springs, Inc., Fla.App.1963, 155 So.2d 183.
I would therefore reverse and remand this cause for action consistent herewith.