HAZEL G. REICHENBACH, a *Femme Sole,* v. NEW ALAMAC HOTEL CORPORATION.

194 So. 250
Division A
Opinion Filed February 20, 1940

*Hendricks & Hendricks,* for Plaintiff in Error;

*Blackwell & Walker,* for Defendant in Error.

THOMAS, J.—At the conclusion of plaintiff's testimony at the trial of the case in the Circuit Court a motion was made by the defendant for an instructed verdict in its favor. After argument the judge announced that he thought the motion should be granted, whereupon the plaintiff took a nonsuit and brought the matter here for review.

All of the questions propounded in the brief deal with the sufficiency of the evidence to warrant the continuance of the inquiry by the introduction of evidence for the defendant and eventual determination of the facts by the jury.

An elderly man, acquaintance and distant relative of the plaintiff, resided at the Alamac Hotel, operated by the defendant. While there, he fell sick and during his illness the plaintiff paid him much attention, even staying at the hotel to help in caring for him until he was moved to a hospital. During convalescence, after he had returned from the hospital to the hotel, he was sitting on an open porch playing cards with the president of defendant corporation when the plaintiff called. The president invited her to a chair, which stood upon the veranda, and upon occupying it the chair collapsed, precipitating the

plaintiff to the concrete floor, injuring her arm and hand as she attempted to break the fall. The chair which proved defective was the folding type and plaintiff, herself, opened and placed it before she sat in it and was injured. The chair was the only one available except another too heavy to move easily.

It is pertinent to note that, according to her own testimony, plaintiff unfolded the chair outdoors in broad daylight; that she noticed no defects in it at the time; that she weighed over one hundred and seventy-five pounds and that the chair was "of a bridge type" with a seat of thin pressed wood braced at the bottom and sides.

We do not have the conviction, in all the circumstances, that the piece of furniture in which the plaintiff was injured was actually defective. Considering its construction and intended use and the size of the plaintiff it may well be that it simply gave way under her weight. At any rate, no imperfection appeared to her when she unfolded it preparatory to occupying it. She has been a frequent guest of the hotel and was well acquainted with the lobby, porches and furniture.

Plaintiff in error urges us to invoke the doctrine of *res ipsa loquitur*. This is a rule of evidence as distinguished from one of law and, as was said in American Dist. Electric Protective Co. v. Seaboard Air Line R. Co., 129 Fla. 518, text page 522, 177 South. Rep. 294, text page 296, authorizes the jury "* * * to draw an inference of negligence where the instrument causing an injury is * * * under the exclusive * * * control of the party charged with negligence * * *" and an accident occurs which under ordinary circumstances would not have happened but for negligent "* * * handling by the party having control of the instrument causing injury."

Limitations on operation of the doctrine, as set out in the above case, quoting Wigmore on Evidence, Sec. 2509, relate to the character of the instrument and its control, that is, it must be of such nature that injury could not be anticipated except from: "* * * careless construction, inspection or user * * *" and "* * * Both the inspection and user must have been at the time of the injury in the control of the party charged." 129 Fla., text page 525, 177 South. Rep., text page 297.

In the instant case the chair was, from its nature, not an apparatus from the use of which injury would naturally result and the inspection seems to have been made by the plaintiff and the user controlled by her. Neither examination nor user was in the exclusive control of the defendant unless it could be said that because the chair was a part of the furniture of the building kept for the comfort and convenience of guests the defendant so had the control of it that when it was used by a casual visitor of considerable weight its disintegration furnished a basis for the inference that it was carelessly inspected and used. There was no testimony whatever connecting the defendant with the construction of the furniture.

Although an innkeeper falls within the rule of *res ipsa loquitur* and may be held to explain that injury to a guest was not attributable to his own negligence, we think that application of the doctrine to the facts in this case would be to go beyond the sphere intended for it. There is no doubt that defendant's president directed plaintiff to a seat and that but one chair was readily available. There is no doubt either that the plaintiff undertook to unfold it and that no defects were apparent to her. She was the last inspector and the user at the time of the fall.

Had the doctrine been applied it would have then been

encumbent on the defendant to rebut the inference of negligence on its part in inviting the plaintiff to sit in a chair which was unsafe and known, actually or constructively, to be so, the burden of proof of that element being at all times assumed by the plaintiff. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318.

From the plaintiff's evidence, and more explicitly from her own testimony, we incline to the view that there was no need for the defendant to offer any proof about absence of actual or constructive knowledge on the part of its officers or agents of the dangerous or defective chair. From what we have read the occurrence was a pure accident and any apparent flaw would have been detected by her when she unfolded the chair, outdoors in open sunlight, in surroundings thoroughly familiar. In such circumstances the doctrine of *res ipsa loquitur* was not appropriate and there was no good reason to allow the trial to proceed after the plaintiff announced that she had no further testimony to offer.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.