202 So.2d 859 (1967)
Osee F. WILLIAMS and Charles G. Williams, Appellants,
v.
ORANGE MEMORIAL HOSPITAL ASSOCIATION, Inc., a Florida Corporation, Appellee.
No. 575.
District Court of Appeal of Florida, Fourth District.
September 28, 1967.
Rehearing Denied October 24, 1967.
*860 Michael C. Maher, of Sam E. Murrell & Sons, Orlando, for appellants.
John Edwin Fisher of Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Orlando, for appellee.
WILLIAMS, O. EDGAR, Jr., Associate Judge.
This is an appeal by Osee F. Williams and Charles G. Williams, her husband, who were the plaintiffs below, from a final judgment entered in favor of the defendant, Orange Memorial Hospital Association, Inc., upon the granting of its motion for a directed verdict at the close of plaintiffs' case.
The suit below was an action in negligence and breach of implied contract wherein plaintiffs sought to recover damages for injuries alleged to have been sustained by the appellant, Osee F. Williams, during her confinement in the Orange Memorial Hospital which was operated by the defendant corporation.
The plaintiff, Osee F. Williams, was admitted to the Orange Memorial Hospital as a patient on November 24, 1962, for treatment of severe headaches. She remained in the hospital until discharged on December 5, 1962. On the morning of the day she was discharged the plaintiff requested the aid of a nurse on duty complaining that she was suffering from constipation. The nurse responded and brought the plaintiff a suppository. Plaintiff then complained of being unable to have a bowel movement on the bedpan while it was under her in the bed. The nurse then brought her a straight back chair and placed the bedpan on it. The plaintiff testified that she did not "know what kind of bottom" was on the chair, but that "it was a pasteboard or paper of some kind." The plaintiff then sat down and attempted to use the bedpan while it was on the chair but while she was sitting on it the chair broke and plaintiff fell partially to the floor and the bedpan went through the bottom of the chair. The chair itself apparently did not break but the bottom fell through. Plaintiff claims that when she started to fall she attempted to grasp the back of the chair and in twisting to do so injured her side. The nurse then helped plaintiff up and brought another chair and put the bedpan back on it.
The plaintiff complained of pain in her side at the time but did not observe any other effects until she reached home. Upon looking in a mirror on leaving the hospital and after arriving home, she observed a heart shaped mark on her buttocks which she alleges was a "burn" caused by the hospital bedpan. She now claims injury to her back from the incident. The plaintiff was the only witness who testified regarding the circumstances of the incident and this was the gist of her testimony.
At the close of plaintiffs' case, the trial judge granted the appellee's motion for a directed verdict, and after a verdict was entered in favor of the appellee pursuant to such direction, a final judgment was entered in favor of the defendant-appellee from which the plaintiffs appeal.
Plaintiffs contend that the trial court erred in granting the defendant's motion for a directed verdict, their contention being that the evidence introduced on behalf of the plaintiffs established a jury question of whether or not there had been a breach of contract between the plaintiffs and defendant and whether the defendant was guilty of negligence by defendant's failure to properly care for the plaintiff and its improper maintenance of equipment under its management and control. We agree and find that the trial judge was erroneous in taking the case from the jury.
*861 The appellee asserts that plaintiff must rely upon the doctrine of res ipsa loquitur to substantiate their claims because they failed to present specific evidence to support a finding of breach of contract or negligence. Appellee contends that the doctrine of res ipsa loquitur is not applicable under the circumstances here and cites the case of Reichenbach v. New Alamac Hotel Corporation, 1940, 141 Fla. 797, 194 So. 250, in support of its position. We feel, however, that the Reichenbach case is distinguishable from the facts and circumstances here. In the Reichenbach case, an acquaintance of a guest of the defendant-hotel was injured while visiting a guest of the hotel. The plaintiff in the Reichenbach case examined a folding chair before setting it down herself, opened it up from a folding position and then sat on the chair, whereupon it collapsed causing the injury for which suit was brought. In Reichenbach there was no contract between the hotel and the acquaintance of the guest. At most, the plaintiff was a mere invitee. In our present case, the plaintiff, Osee F. Williams, was a patient in the defendant-hospital under a contract in which the defendant-hospital had impliedly agreed to provide proper care. The chair in question was under the exclusive control of the defendant-hospital which supplied the chair to plaintiff. The plaintiff, Osee Williams, requested the aid and assistance of the employee-nurse which the defendant-hospital was obligated to provide under their contract. Plaintiff was in a sick condition and did not have an equal opportunity to observe and examine the chair which was in the exclusive control and custody of the defendant.
We feel that the doctrine of res ipsa loquitur is available at least to aid the plaintiffs' contention as was stated by the court in Goff v. City of Ft. Lauderdale, Fla. 1953, 65 So.2d 1:
"* * * There is considerable controversy as to whether or not the doctrine of res ipsa loquitur applies to the facts presented. We think it at least aids the plaintiff's contention but it is our view that when the evidence as a whole is considered it presents issues that should have gone to the jury, so the trial court was in error when he instructed a verdict for defendant."
Admittedly, the plaintiffs' case on damages and the causal connection between the incident and her alleged injuries is weak, but the question of damages as well as the question of liability of the defendant therefor were for the jury, and we feel that plaintiffs presented a prima facie case on both liability and damages.
The judgment is reversed, and the cause is therefore remanded for a new trial.
ANDREWS and CROSS, JJ., concur.