RAWLS, Judge.
Appellant (plaintiff below) appeals a final judgment favoring defendant in a case involving an accidental shooting. Plaintiff’s primary contention is that defendant should not have been allowed to raise, and the jury should not have been instructed upon, the two affirmative defenses of contributory negligence and assumption of the risk under the fact of this case. Plaintiff also argues that the jury should have been given his requested instruction regarding res ipsa loquitur and that a verdict should have been directed in his favor.
On March 16, 1968, defendant, age 15, accidentally shot plaintiff, age 14, in the leg. The two boys spent the night in plaintiff’s home and went hunting the next morning, accompanied by plaintiff’s younger brother. The older boys took two guns with them; a .410 shotgun owned by plaintiff and a .22 rifle belonging to plaintiff’s father. Sometime during the day defendant started using the .410 shotgun. Neither the plaintiff nor his father had given defendant any instructions with regard to using the .410. At one point defendant accidentally discharged this gun near plaintiff and was warned to be more careful. Plaintiff testified from that point on he attempted to stay behind the defendant. Later in the day the boys were walking home and plaintiff shot a bird which flew out of the bushes near them. As he was attempting to pass in front of defendant to retrieve the bird, defendant accidentally discharged the .410 again and plaintiff was wounded in the leg. Defendant claimed his finger was not on the trigger but that the hammer on the .410 was “loose” which caused it to accidentally discharge.
Plaintiff’s primary point in this appeal is that defendant’s two affirmative defenses of contributory negligence and assumption of the risk should not have been submitted to the jury. We conclude that plaintiff has failed to demonstrate error on the part of the trial court in this regard.
Assumption of risk involves a deliberate choice to risk a known danger and contributory negligence implies a failure to exercise due care. Byers v. Gunn, 81 So.2d 723 (Fla.1955). The existence of either is possible under the facts of this case and was a question of fact properly submitted to the jury for determination.
We also conclude that plaintiff has failed to demonstrate error in the failure of the trial judge to give the standard jury instruction on res ipsa loquitur. Plaintiff must lack fault and must demonstrate that exclusive management and control of the firearm was with defendant before he is entitled to the benefit of the instruction. American Dist. Electric Protective Co. v. Seaboard Air Line Ry. Co., 129 Fla. 518, 177 So. 294 (1937), and Frash v. Sarres, 60 So.2d 924 (Fla.1952). Because the issues of contributory negligence and assumption of the risk were properly before the jury, the doctrine of res ipsa loquitur is inapplicable.