## HUBBARD v. Mt. SINAI HOSPITAL of GREATER MIAMI, Inc.

No. 71-19960.

Circuit Court, Dade County.

August 16, 1973.

Alfred D. Bieley, Miami, for the plaintiff.

Dixon & Dixon, Miami, for the defendant.

ALAN R. SCHWARTZ, Circuit Judge.

*Opinion and order denying motion for new trial:* At the un-reported hearing at which the court orally denied the defendant's motion for new trial and executed an order to that effect, the court indicated that it would file an opinion stating its reasons for that ruling.

The defendant's motion, while based upon several asserted grounds, presented but two substantial questions for consideration — the propriety of the jury instruction concerning the doctrine of res ipsa loquitur and the amount of damages returned by the jury.

### Res ipsa loquitur

Upon the evidence at the trial, the jury had the right to believe that the accident occurred because of a defect in the handle or the spring of the laundry door which was maintained exclusively by the defendant; and that the slipping of the door from the plaintiff's hand was, in turn, caused by this defect and was not contributed to by the plaintiff's conduct or her asserted contributory negligence. Accordingly, the court charged the jury in accordance with Stan-dard Jury Instruction No. 4.6 on the doctrine of res ipsa loquitur. It seemed, and seems, clear to the court that the instruction was justified, and indeed required, under the evidence concerning the asserted defect and the applicable law as applied in such cases as National Air Lines, Inc. v. Fleming, Fla. App. 1962, 141 So.2d 343; Williams v. Orange Memorial Hospital, Fla. App. 1967, 202 So.2d 859; South Florida Sanitarium & Hospital, Inc. v. Hodge, Fla. App. 1968, 215 So.2d 753; Holman v. Ford Motor Co., Fla. App. 1970, 239 So.2d 40; and Mapp v. Cedars of Lebanon Hospital, Fla. App. 1971, 249 So.2d 521; cf. Yarborough v. Ball U-Drive System, Fla. 1950, 48 So.2d 82; and cases cited at 2 Harper & James, *Law of Torts,* §19.6, p. 1082, n. 5, and Supplement at p. 82.

The defendant, however, argues, primarily based upon language in the decision of Evans v. Green, Fla. App. 1971, 251 So.2d 318, 319, that the doctrine, as a matter of law, is inapplicable since there was evidence of, and the court charged upon, the plaintiff's con-tributory negligence. The plaintiff contended that the *Evans* case is inapplicable because there was in fact no evidence of contributory negligence. I disagree with this contention of the plaintiff and again hold that the jury was·properly charged on this subject. None-theless, I conclude that the language of the *Evans* decision is *not* controlling under the circumstances presented here. This is true for several reasons —

(a) In the first place, it seems quite clear that the First District, in dealing with the issue in the *Evans* case, was in fact considering the problem in terms of the argument of the plaintiff there, *both*

that the res ipsa charge should have been given and that a verdict should have been directed in his favor. Since the latter contention was obviously correctly rejected, the discrete question of the propriety of the res ipsa instruction was not essentially and directly ruled upon by the court.

(b) Any rule that res ipsa is *automatically* eliminated as the subject of a jury instruction when there is merely *evidence* of contributory negligence (or of the plaintiff's participation in the occurrence of the accident) — evidence which could be, as it was in this case, rejected by the jury — would be directly contrary to the rule, as expressed by the First District itself in the *Holman* case, supra, at 239 So.2d 45, to the effect that —

> "In Dunn v. Vogel Chevrolet Co. and General Motors Corporation, 168 Cal. App. 2d 117, 335 P. 2d 492, 495, the court considering a brake failure case, reversed the trial court's refusal to instruct on the doctrine of res ipsa loquitur and stated:
>
>> 'Thus where, as here, 'the evidence is conflicting or subject to different inferences, *it is for the jury, under proper instructions, to determine whether each of the conditions necessary to bring into play the rule of res ipsa loquitur are present.*' Baker v. B. F. Goodrich Co., 115 Cal. App. 2d 221, 229, 252 P. 2d 24, 29, . . ." (emphasis supplied)

This rule has been apparently unanimously applied in cases from other jurisdictions, to a situation such as this one, in which there is merely *evidence* as to the plaintiff's contributory negligence or control of the instrumentality which caused his injury. See cases collected at Prosser, *Law of Torts,* 4th ed. pp. 224-225; 2 Harper & James, *Law of Torts,* §19.8, pp. 1093-1094. 58 Am. Jur. 2d, Negligence, §481, pp. 57-58. Moreover, the jury in this case actually and specifically found, in answer to a special interrogatory, that the plaintiff was not guilty of any contributory negligence at all; thus demonstrating that it had resolved any contention concerning the plaintiff's negligent participation in the occurence of the accident or as one in effective control of the instrumentality which caused her injury — as expressed in the standard res ipsa instruction — in favor of the plaintiff. Thus, it would seem that the jury either has rendered the instruction on res ipsa, given in the face of *evidence* of contributory negligence, "harmless error", or, as is analytically more likely, has indicated that there was no error in instructing on the doctrine in the first place.

(c) Finally, the court notes that the "requirement" of eliminating the plaintiff's contributory negligence as a prerequisite for an

instruction on res ipsa, is not applicable in jurisdictions in which the comparative negligence rule applies. Turk v. H. C. Prange Co., 18 Wis. 2d 547, 119 N.W. 2d 365. Of course, under Hoffman v. Jones, Fla. 1973, Case No. 43,443 (not yet reported), Florida now adheres to the comparative negligence doctrine, and that doctrine was specifically stated by the Supreme Court to have been applicable to the trial of this case, which took place before the *Hoffman* decision was rendered but at which the comparative negligence doctrine was specifically invoked. Therefore, particularly in view of the jury's specific finding that there was no contributory negligence in any percentage, the fact that there was a jury question as to contributory or comparative negligence could not have affected the correctness of the instruction on res ipsa.

### The amount of the jury award

Evidence was adduced at trial, specifically the testimony of the plaintiff's treating dermatologist, Dr. Israel, which, if — as it obviously was — believed by the jury, was more than adequate to support the amount of the verdict it returned. While the amount of the verdict is perhaps "high", the court cannot and does not find that it was contrary to the manifest weight of the evidence or shocking to the judicial conscience. To the contrary, it was, as I have indicated, supported by the evidence as the jury had the right to view it. Since it is the jury's function, and not the court's to weigh the evidence and to assess damages, the defendant's motion as it relates to alleged excessiveness was denied.

### Conclusion

The court again concludes that the defendant's motion for new trial was without merit and was properly denied.