402 So.2d 475 (1981)
Vivian BORGHESE and John J. Borghese, Her Husband, Appellants,
v.
T.D. BARTLEY, M.D., Harold Gertner, M.D., and North Florida Regional Hospital, Appellees.
No. WW-278.
District Court of Appeal of Florida, First District.
July 29, 1981.
Rehearing Denied September 11, 1981.
*476 Eric E. Wagner, P.A., Ocala, for appellants.
L. Edward McClellan, Jr., of Pattillo, MacKay & McKeever, P.A., Ocala, and Richard T. Jones, of Jones & Langdon, P.A., Gainesville, for appellees.
PER CURIAM.
The Borgheses appeal this Summary Final Judgment entered in favor of appellees. We reverse.
Appellant, Vivian Borghese, entered North Florida Regional Hospital to undergo double aorto-coronary bypass surgery. The surgical procedure involved removal of some large veins from Mrs. Borghese's left upper thigh which were then grafted onto two of the coronary arteries. Prior to surgery, Mrs. Borghese was placed under general anesthesia. When she regained consciousness after surgery, she discovered the presence of a "full thickness burn" on her left lower leg, which, as noted in the hospital reports, was apparently caused by an electrocautery unit supplied by the hospital and used by the physicians during the surgery. However, all those present in the operating room during the surgery denied knowledge of the cause of the burn. The left lower leg was not involved in the surgical procedure.
Mr. and Mrs. Borghese brought the present action for damages alleging negligence on the part of the surgeons and the assisting employees of North Florida Regional Hospital. Appellees filed a Motion for Summary Judgment. At the hearing on this motion, counsel for the Borgheses acknowledged that their case rested entirely upon the theory of res ipsa loquitur and that they did not wish to amend their pleadings to allege specific acts or omissions of negligence on the part of appellees. Appellees argued that § 768.45, Florida Statutes, abolished the doctrine of res ipsa loquitur as it relates to health care providers. The trial court, finding no issue of material fact, and noting that the Borgheses intended to rely strictly on a theory of res ipsa loquitur, granted summary judgment in the favor of the surgeons and hospital.
Section 768.45(4), Florida Statutes, provides:
(4) the existence of a medical injury shall not create any inference or presumption of negligence against a health care provider, and the claimant must maintain the burden of proving that an injury was proximately caused by a breach of the accepted standard of care by the health care provider. However, the discovery of the presence of a foreign body, such as a sponge, clamp, forceps, surgical needle, or other paraphernalia commonly used in surgical, examination, or diagnostic procedures, shall be prima facie evidence of negligence on the part of the health care provider.
Before enactment of § 768.45(4), the doctrine of res ipsa loquitur was applicable in medical malpractice cases where the patient was in the exclusive control of the hospital and/or treating physician and received injuries unrelated to his treatment, which would not normally occur in the absence of negligence. Troupe v. Evans, 366 So.2d 139 (Fla. 1st DCA 1979), cert. denied, 378 So.2d 343; Goodyear Tire and Rubber Co. v. Hughes Supply Co., Inc., 358 So.2d 1339 (Fla. 1978). But a physician's "unskillfulness in diagnosis or negligence in treatment would not be inferred from the fact that a patient continued to suffer, or even died." West Coast Hospital Association v. Webb, 52 So.2d 803 (Fla. 1951). Appellees contend that § 768.45(4) changed the existing law *477 and completely abolished the use of res ipsa loquitur in actions for injury against health care providers. We disagree.
It is our determination that § 768.45(4), is essentially a codification of the existing rule regarding the use of res ipsa loquitur in medical malpractice cases; and that the term medical injury contained in the statute, refers to an injury sustained as a direct result of medical treatment or diagnosis, and does not encompass injuries totally unrelated thereto. Thus, when a plaintiff establishes that the injury is outside the scope of medical treatment or diagnosis, and the facts and "circumstances attendant to the injury are such that, in light of past experience, negligence is the probable cause and the defendant is the probable actor," the doctrine of res ipsa loquitur is applicable. Chenoweth v. Kemp, et al., 396 So.2d 1122, (Fla. 1981) 81 FLW 243; Goodyear Tire & Rubber Co., supra.
In the present case, if Mrs. Borghese can establish at trial that her injury occurred while she was under the complete control of the physicians and/or hospital personnel, that the injury was unrelated to the surgical procedure or other medical treatment, and that the injury would not normally occur in the absence of negligence, she would be entitled to rely on the doctrine of res ipsa loquitur. See, Troupe, supra and Webb, supra.
Accordingly, the Summary Final Judgment is REVERSED and this cause is REMANDED to the trial court for proceedings consistent with this opinion.
LARRY G. SMITH, and THOMPSON, JJ., and OWEN, WILLIAM C. (Ret.), Associate Judge, concur.