ORFINGER, Judge.
Pinecrest Stables, Inc., the original plaintiff below, appeals from a $25,000 judgment entered against it on defendant Hill’s counterclaim. Because we find prejudicial *83 error in the giving of Hill’s requested jury instruction on res ipsa loquitur, the judgment on the counterclaim is reversed.
Pinecrest sued Hill for money which Pi-necrest alleged Hill owed it for the care, maintenance and training of two race horses. Hill counterclaimed for damages, contending that Pinecrest had negligently underfed the horses, thus causing them to lose weight, and had negligently caused or permitted one of the horses, a Barachois colt, to become seriously injured. As a result, Hill alleged, the ability of the horses to race was impaired and the value of the horses, especially the Barachois, had greatly diminished.
A rib injury (described as a deep and pronounced indentation in the side of the Barachois) was the major element of damages asserted by Hill. No direct evidence of negligence was presented, nor was there testimony from anyone as to when or how the injury occurred, except that it was not there when the horse arrived at Pinecrest. When the horses had been at Pinecrest approximately nine weeks, Hill’s daughter arranged for a horse van to pick up the Barachois and move it back to her father’s farm. Although she testified that the horse looked underfed, had a poor coat and a peculiar gait, she did not notice any injury to its side when it was loaded onto the van. When she unloaded the horse from the van upon arrival at her farm, she then noticed what she described as a severe and very apparent indentation in its side. Both she and her father testified that horses can be injured in vans during transport, and also admitted that horses, particularly race horses, can be injured in many ways during training, by running into fences, trees, other horses or while in their stalls or paddocks. It is clear to us from this record that while negligence may be the cause of an injury to a horse, injuries frequently occur when no negligence is present. Therefore, the doctrine of res ipsa loquitur has no place in this case.
The res ipsa doctrine
provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting, provided certain elements consistent with negligent behavior are present. Essentially, the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control.
Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339, 1341-42 (Fla.1978). See also Marrero v. Goldsmith, 486 So.2d 530 (Fla.1986).
Two problems immediately present themselves in determining the application of the doctrine here. First, the Barachois left the exclusive control of Pinecrest and passed to Hill when it was loaded onto the van, and the evidence reflects that the injury could have occurred during transport when Hill had exclusive control. Secondly, the evidence clearly reflects that an injury such as is described could have occurred from causes other than negligence. As the supreme court said in Goodyear,
Plainly, the threshold inquiry is whether that which occurred is a phenomenon which does not ordinarily happen except in the absence of due care. The initial burden is on the plaintiff to establish that the circumstances attendant to the injury are such that, in the light of past experience negligence is the probable cause and the defendant is the probable actor. An injury standing alone, of course, ordinarily does not indicate negligence. The doctrine of res ipsa loquitur simply recognizes that in rare instances an injury may permit an inference of negligence if coupled with a sufficient showing of its immediate, precipitating cause. [Emphasis added; footnote omitted].
Id. at 1342.
The counterclaimants did not meet this threshold test, so the instruction was inappropriate to this case. The judgment on the counterclaim is reversed, and the cause is remanded for a new trial on the issues *84 made by the counterclaim. On remand, the trial court shall give Pinecrest a reasonable time within which to comply with any existing or subsequently entered pretrial order, in order to avoid the imposition of sanctions such as were imposed prior to the first trial.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.