PER CURIAM.
This is an appeal by the plaintiff and cross appeal by the defendant from a post-trial order which remits a jury verdict from $104,000 to $50,000 or in the alternative requires a new trial if the plaintiff refuses the remittitur. We reverse on the main appeal, affirm on the cross appeal, and remand the cause to the trial court with directions to enter judgment for the plaintiff based on the jury verdict returned below. We reach this result based on the following briefly stated legal analysis.
First, the jury verdict of $104,000 in this personal injury negligence action was, contrary to the trial court’s conclusion, fully supported by the medical and lay testimony adduced below. We agree that the jury could have returned a $50,000 verdict based on the same evidence, but conclude that the $104,000 award was also within the acceptable range of damages based on the evidence adduced below. The trial court, we think, acted as a seventh juror and substituted its view of the evidence for the jury’s view; under well established principles of Florida law, this constitutes an abuse of the trial court’s discretion and is therefore reversible error. Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309, 1313-14 (Fla.1986); Bould v. Touchette, 349 So.2d 1181, 1184-85 (Fla.1977); Reynolds v. Towne Management, Inc., 426 So. 2d 1011, 1012 (Fla. 2d DCA 1983).
Second, the trial court committed no error in denying the defendant’s motion for directed verdict because the doctrine of res ipsa loquitur was fully applicable to this case. We have not overlooked the defendant’s forceful arguments to the contrary, but conclude that there was sufficient evidence adduced to support a jury finding that the sweeper which fell on the plaintiff while she was shopping in the defendant’s store was so completely in the control of the defendant [i.e., on a shelf inaccessible to customers], and that in the ordinary course of events the subject mishap could not have happened had there been proper care by the defendant [i.e., the sweeper was too wide to be stored on such shelf and presented a danger of falling on customers]. See City of New Smyrna Beach Util. Comm’n v. McWhorter, 418 So.2d 261 (Fla.1982); Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla.1978); South Fla. Hosp. Corp. v. McCrea, 118 So.2d 25 (Fla.1960).
The order under review is reversed on the main appeal, affirmed on the cross appeal, and the cause is remanded to the trial court with directions to enter judgment for the plaintiff based on the jury verdict.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.