663 So.2d 642 (1995)
Diane L. CARDINA and Thomas R. Cardina, Appellants,
v.
KASH N' KARRY FOOD STORES, INC., Appellee.
No. 94-01316.
District Court of Appeal of Florida, Second District.
September 22, 1995.
Rehearing Denied October 24, 1995.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellants.
Jonathan L. Alpert and Catherine A. Kyres of Alpert & Hughes, P.A., Tampa, for appellee.
FRANK, Acting Chief Judge.
Diane L. Cardina and her husband have appealed from a judgment entered following a jury verdict of no negligence on the part of Kash N' Karry in this personal injury case. Because the trial court erred in failing to instruct the jury on the doctrine of res ipsa loquitur, we reverse.
Mrs. Cardina was employed as territory sales manager for a food distributor. Her duties included inspecting the inventory of Marie's Salad Dressing in grocery stores and stocking the shelves. After having done so at the Kash N' Karry store in Brandon one morning in September of 1991, she went into the produce "prep" room to count the number of damaged or outdated bottles of dressing for which the store would be credited. Mrs. Cardina put her papers on the desk and retrieved the box of bottles from a large cooler. She put the box on the floor and squatted down to count the bottles. Behind her was a pallet on which cases of bananas and tomatoes were stacked roughly five feet high.
As Mrs. Cardina counted the bottles, she sensed that something was about to happen. She looked up just in time to see a 25-pound case of tomatoes falling from the pallet. The case struck her head and knocked her over.
Kash N' Karry's produce manager, Mark South, testified that he was in the prep room with Mrs. Cardina, but because he was seated at his desk facing the wall, he did not see the accident, nor did he see her touch the pallet. The pallet had been delivered to the store early that morning. It contained 40-pound cases of bananas stacked five high, on top of which was a single layer of 25-pound cases of tomatoes. Although the pallet had been properly stacked, a produce clerk had removed one of the cases from the corner of the top layer of bananas, leaving unsupported one corner of the tomato case that fell *643 upon Mrs. Cardina. South said that the hanging tomato case appeared to be steady, and that he did not know why the tomato case fell. Mrs. Cardina testified that she did not touch or bump the pallet.
After these facts were presented to the jury, the plaintiffs requested that the judge give the jury an instruction on res ipsa loquitur, which he declined to do; that decision was improper. A plaintiff is entitled to an instruction on inference of negligence when direct proof of negligence is absent; the injury-causing instrumentality is in the defendant's exclusive control; and the accident is of a type that would not have occurred without negligence. Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978). The defendant has contended that res ipsa is not applicable here because the plaintiff, squatting near the pallet, had "control" over it. However, the evidence adduced at trial  that Mrs. Cardina did not touch the pallet  suggests just the contrary. Thus, this case is distinguishable from Harrell v. Beall's Department Store, Inc., 614 So.2d 1142 (Fla. 2d DCA 1993), where the injured plaintiff was observed to have handled and rotated a jewelry display that subsequently fell and injured her.
We find substantial similarities between this case and Cortez Roofing, Inc. v. Barolo, 323 So.2d 45 (Fla. 2d DCA 1975). There the plaintiff was injured by a roll of carpet that fell from a rack in the defendant's warehouse/showroom, and res ipsa was held applicable. The plaintiff's mere proximity to the instrumentality causing the injury does not negate the exclusivity of the defendant's control in the absence of any evidence that the plaintiff's conduct  or that of any other person  precipitated the accident.[1]
Accordingly, we reverse and remand for proceedings consistent with this opinion.
LAZARRA and FULMER, JJ., concur.
NOTES
[1] We note that the Goodyear Tire court disapproved Cortez Roofing to the extent that it was inconsistent with that opinion, but the Cortez findings concerning control do not conflict with Goodyear Tire.