KLEIN, Judge.
Plaintiff appeals a defense verdict in a medical malpractice action, arguing that the trial court erred in refusing to give a res ipsa loquitur jury instruction. We affirm.
After plaintiffs hysterectomy operation, Dr. Stein, the anesthesiologist, removed the breathing tube in the hospital recovery room and left to go to the lounge. Shortly thereafter a nurse observed plaintiff not breathing and called Dr. Stein, who returned immediately and reinserted the breathing tube, which resulted in plaintiff resuming breathing. About 20 minutes later, however, Dr. Stein observed plaintiff having what appeared to be a seizure with blood coming from her mouth. His examination revealed a severe laceration on plaintiffs tongue, and it was his opinion that plaintiffs tongue got caught between the tube and her teeth as a result of a seizure.
The theory on which plaintiff sought recovery against Dr. Stein and the hospital for her injuries to her tongue and teeth was that her seizure was caused by hypoxia, a condition in which insufficient oxygen is going into the blood. She put on evidence that insufficient breathing is one of the causes of hypoxia, and that the seizure resulted from inadequate care by Dr. Stein and the hospital in the recovery room.
The jury resolved the issues of whether plaintiff had a seizure as a result of negligence in favor of Dr. Stein and the hospital, and plaintiff argues on this appeal that the trial court erred in not instructing the jury on res ipsa loquitur.
Section 766.102(4), Florida Statutes (1988) provides:
The existence of a medical injury shall not create any inference or presumption of negligence against a health care provider, and the claimant must maintain the burden of proving that an injury was proximately caused by a breach of the prevailing professional standard of care by the health provider. However, the discovery of the presence of a foreign body, such as a sponge, clamp, forceps, surgical needle, or other paraphernalia commonly used in surgical, examination, or diagnostic procedures, shall be prima facie evidence of negligence on the part of the health care provider.
Although the legislature passed this statute, then numbered 768.45(4), in 1976, we find only one decision interpreting it, Borghese v. Bartley, 402 So.2d 475 (Fla. 1st DCA 1981). In that case, the patient had coronary bypass surgery in which veins were removed from her left upper thigh and grafted onto her coronary arteries. The injury which was the subject of her medical malpractice suit was a burn she suffered on her left lower leg, which was not involved in the surgery. The injury was apparently caused by an electrocautery unit used in the surgery. The first district concluded that the *722 statute did not eliminate res ipsa entirely in medical malpractice eases, stating:
It is our determination that § 768.45(4), is essentially a codification of the existing rule regarding the use of res ipsa loquitur in medical malpractice cases; and that the term medical injury contained in the statute, refers to an injury sustained as a direct result of medical treatment or diagnosis, and does not encompass injuries totally unrelated thereto. Thus, when a plaintiff establishes that the injury is outside the scope of medical treatment or diagnosis, and the facts and “circumstances attendant to the injury are such that, in light of past experience, negligence is the probable cause and the defendant is the probable actor,” the doctrine of res ipsa loquitur is applicable.... In the present case, if Mrs. Borghese can establish at trial that her injury occurred while she was under the complete control of the physicians and/or hospital personnel, that the injury was unrelated to the surgical procedure or other medical treatment, and that the injury would not normally occur in the absence of negligence, she would be entitled to rely on the doctrine of res ipsa loquitur, (citations omitted.)
We need not decide whether we agree with the Borghese court’s narrow interpretation of the statute, because plaintiffs injury was directly related to the anesthesia, and the anesthesia was an integral part of her operation. Accordingly, even under the Borghese interpretation of the statute, res ipsa is not available to plaintiff.
We have examined the other issues raised by plaintiff and find them to be without merit.
Affirmed.
SHAHOOD, J., and SORONDO, ROLDOLFO, Jr., Associate Judge, concur.