KLEIN, Judge.
Plaintiff appeals an adverse jury verdict in her medical malpractice suit which she brought as a result of injuries she sustained after falling off an x-ray examining table. We disagree with her argument that she was entitled to a res ipsa loquitur jury instruction and affirm.
Plaintiff, who was 85 years old and had recently suffered a stroke which partially paralyzed her on one side, had been referred by her physician to the appellee/Medical Imaging Center, an outpatient radiology facility, to undergo a procedure known as a barium swallow. After the procedure had been completed, the technologist attending plaintiff turned her back on plaintiff in order to call for assistance to help her move plaintiff off the table. Plaintiff then fell off the x-ray table, fracturing her hip and pelvis.
Plaintiff brought this medical malpractice suit against the Imaging Center, and her theory of recovery was essentially that defendant’s technician, who was attending plaintiff, knew or should have known not to turn away from plaintiff and leave her unattended on the x-ray table. The jury returned a verdict for defendant, and plaintiff appeals, arguing that the court erred in not giving a res ipsa loquitur instruction.
We begin our analysis with a statute cited by defendant, section 766.102(4), Florida Statutes (1989), which provides:
The existence of a medical injury shall not create any inference or presumption of negligence against a health care provider, and the claimant must maintain the burden of proving that an injury was proximately caused by a breach of the prevailing professional standard of care by the health provider. However, the discovery of the presence of a foreign body, such as a sponge, clamp, forceps, surgical needle, or other paraphernalia commonly used in surgical, examination, or diagnostic procedures, shall be prima facie evidence of negligence on the part of the health care provider.
In Borghese v. Bartley, 402 So.2d 475 (Fla. 1st DCA1981), the first district held that this statute does not eliminate res ipsa if the injury was unrelated to, or outside the scope of, medical treatment or diagnosis. We need not decide whether the statute applies here because we have concluded that this would not be a res ipsa case in any event.
In Marrero v. Goldsmith, 486 So.2d 530, 532 (Fla.1986), our supreme court cleared up confusion regarding res ipsa in medical malpractice cases where there is some evidence of negligence, and held:
If a case is a proper res ipsa case in other respects, the presence of some direct evidence of negligence should not deprive the plaintiff of the res ipsa inference.
Relying on Prosser and Keaton, Law of Torts, § 40 (5th ed. 1984), the court went on to state:
There comes a point, however, when a plaintiff can introduce enough direct evidence of negligence to dispel the need for the inference.
In Marrero and Borghese the plaintiffs were unconscious when they were in *735 jured because they were anesthetized. They had no knowledge about how their injuries occurred, or which of multiple defendants may have been negligent. In contrast, plaintiff in the present case was not unconscious when her injury occurred, there was no mystery as to how the injury occurred, and there was only one possibly culpable defendant. This was not a case in which plaintiff was in need of, or entitled to, a res ipsa instruction, because she was able to adduce sufficient direct evidence of negligence.
We have examined the other issues raised by the appellant and find that they are without merit.
Affirmed.
GUNTHER, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
KLEIN, J., did not participate in oral argument but has reviewed the presentation made at that proceeding.