W. SHARP, Judge,
dissenting.
I dissent because I agree with appellants that in this case, the court should have given a res ipsa loquitur instruction to the jury, and failure to do so resulted in harmful error to the appellants.
In this ease, the appropriateness vel non of the res ipsa instruction turned on a disputed issue of fact: Was the instrumentality which caused appellant’s injuries in the sole control of appellees? The appellees’ witnesses and evidence tended to show that a tall stack of boxes piled up on pallets in the aisle of a Home Depot Store fell on appellant and injured him because he pulled the stack over on himself, or unbalanced them by trying to climb up them. Appellant’s evidence at trial, as evidenced by recorded recollection,[1] was to the contrary. At the time of trial, the appellant had suffered loss of memory due to his head injuries caused by the falling boxes. Because of that circumstance, the court allowed counsel to read the appellant’s handwritten account of the accident, prepared shortly after the incident:
I was [at] Home Depot looking at the unfinished vanities. I moved approximately 1 to ½ feet from a pallet. While looking at the vanities I head a creaking sound. Looked up and saw boxes falling. I tried to push them back into place because I [k]new I would not have time to get out of the way. I remember falling back over something. What it was I do not know. And do not remember much from that point. I remember asking at the hospital how did I get here and what happened.
Res ipsa loquitur is a rule of evidence, as distinguished from one of law. It allows the jury to draw an inference of negligence where the instrumentality causing the injury was under the exclusive control of the defendant.[2] And the accident is one that would not, in the ordinary course of events, have occurred without negligence.[3] It is a permissible, not a compulsory inference of negligence.[4]
It is appropriate where direct evidence of negligence is unavailable to the plaintiff due to the unusual circumstances of the accident. Goodyear. The failure to give a res ipsa instruction results in the jury being oblivious to the fact that it is not necessary for a plaintiff to present direct testimony on proximate cause. Holman v. Ford Motor Company, 239 So.2d 40 (Fla. 1st DCA 1970).
Direct evidence of other potential causes, which are not sufficiently extensive to furnish a full and complete explanation of the occurrence does not bar a res ipsa instruction. Marrero v. Goldsmith, M.D., 486 So.2d 530 (Fla.1986); Lord v. J.B. Ivey & Co., 499 So.2d 12,13 (Fla. 1st DCA 1986), rev. denied, 508 So.2d 15 (Fla.1987). Where evidence is conflicting on a point of causation or control, *521 even if the evidence is direct, a res ipsa instruction may still be proper. McDonald v. Medical Imaging Center of Boca Raton, 662 So.2d 733 (Fla. 4th DCA 1995); Metropolitan Dade County v. St. Claire, 445 So.2d 614 (Fla. 3d DCA 1984); Coleman v. Allen, 320 So.2d 864 (Fla. 1st DCA 1975); cert. denied 336 So.2d 105 (Fla.1976).
I submit that as in this ease, where there is conflict in the record which establishes the basis for a res ipsa instruction, the doctrine is not rendered inapplicable. Holman. See also Pape v. DePew, 281 So.2d 224, 225 (Fla. 1st DCA), cert. denied, 287 So.2d 679 (Fla. 1973) (citing Holman):
[T]he evidence is conflicting or subject to different inferences, it is for the jury, under proper instructions, to determine whether each of the conditions necessary to bring into play the rule of res ipsa loquitur are present, [citations omitted] The conclusion that negligence is the most likely explanation of the accident, or injury, is not for the trial court to draw, or to refuse to draw so long as plaintiff has produced sufficient evidence to permit the jury to draw the inference of negligence even though the court itself would not draw that inference; the court must still leave the question to the jury where rear sonable men may differ as to the balance of probabilities, (emphasis supplied)
Holman at 45. Where the exact cause of the plaintiffs injuries is speculative and evidence to establish it unavailable, the Florida Supreme Court has adopted the majority rule that a plaintiff may, in certain eases, resort to both evidence of specific negligence as well as the inferences of res ipsa loquitur. South Florida Hospital Corp. v. McCrea, 118 So.2d 25 (Fla.1960).
The view is taken that, except in the clearest cases, both the specific evidence and the appropriate inferences from the happening of the accident should be permitted to go to the jury, which, if it rejects the specific proof, may still find against the defendant on the basis of inference, (emphasis supplied)
Looking at the evidence as presented by the appellant in its best light, this situation appears entirely appropriate for application of the res ipsa doctrine. The appellant was standing in the aisle of a large retail store, where customers are expected to roam. Stacked up along the aisle were high piles of boxes containing sales items. They were placed and stacked there by the store employees. They should not topple over and fall on top of customers shopping in the aisles, particularly where the customers do nothing to cause the boxes to fall.[5]
In my view, because the facts which would make the res ipsa instruction appropriate were in dispute, it should have been left to the jury to resolve those conflicts. See Tampa Transit Lines, Inc. v. Corbin, 62 So.2d 10 (Fla.1952). See also Virginia S. v. Salt Lake Care Center, 741 P.2d 969 (Utah 1987) (once a plaintiff has established res ipsa elements, he is entitled to an'instruction on the doctrine). If the jury believed the appellant’s recorded recollection that he was merely standing in the aisle shopping when the boxes began to fall on him, they should then have been instructed on res ipsa; i.e., that appellant need not come forth with direct proof of appellee store’s negligence in stacking the boxes.

. § 90.803(5), Fla.Stat.

. Reichenbach v. New Alamac Hotel Corp., 141 Fla. 797, 194 So. 250 (1940).

. Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla.1978).

. Magic Oriental Rugs, Inc. v. Komorowski, 618 So.2d 322 (Fla. 3d DCA 1993).

. See Cardina v. Kash N’ Karry Food Stores, Inc., 663 So.2d 642 (Fla. 2d DCA 1995). It is not clear whether res ipsa loquitur also requires a third element — that the plaintiff did not contribute to the accident. See Otis Elevator Co. v. Chambliss, 511 So.2d 412, 414, n. 5 (Fla. 1st DCA 1987); Schindler Corp. v. Ross, 625 So.2d 94, 96, n. 4 (Fla. 3d DCA 1993). In any event, the contribution of this appellant to his injuries was disputed.