W. SHARP, Judge,
concurring in part, dissenting in part.
I agree that there was an insufficient basis in the case to establish punitive damages. See Como Oil Co., Inc. v. O’Loughlin, 466 So.2d 1061 (Fla.1985); White Construction Co., Inc. v. Dupont, 455 So.2d 1026 (Fla.1984); Gerentine v. Coastal Security Systems, 529 So.2d 1191 (Fla. 5th DCA 1988); Gerber Children’s Centers, Inc. v. Harris, 484 So.2d 91 (Fla. 5th DCA 1986).
However, I think the trial judge committed reversible error when he denied the Monfor-tis’ request for a jury instruction based on res ipsa loquitur. It is a pretty basic concept. Collapsing shelves and merchandise falling from high shelves, which injure innocent and unaware customers shopping in retail establishments, should be abnormal events, and in lawsuits brought by such injured customers, they should not have the burden of proving direct negligence on the part of the store owner, where such evidence is lacking or, as in this case, has been lost or destroyed by the store owners’ employees.
*634 The record established that Maryann was shopping at a K-Mart store, looking for office supplies. As she squatted down to check on supplies on a bottom shelf of a display wall, boxes of hanging file folders fell on her from a high shelf. They had been stacked on an upper shelf of the display. She did not touch the higher shelves nor in any way cause the fall and collapse of the upper shelf. In fact, she did not know what hit her until an employee helped her get up off the floor. Nor was there evidence that another customer had tugged on the shelf and caused it to fall, prior to the accident.
After the fall, the upper shelf was hanging at an angle, tipped downward, one end still attached to the back of the display. Witnesses who were present at the time of the accident testified that the adjustable brackets used to suspend the shelf were bent. Both the shelf that fell and the bent brackets which had supported it were apparently disposed of by K-Mart after the accident. Thus at trial the Monfortis were not able to examine the parts of the shelf that had fallen in order to present direct evidence of negligence on the part of K-Mart in its selection of the type of shelf used to support heavy merchandise suspended over the heads of retail customers.
The record also established that the selection of the type of shelf to use — heavy duty or light or medium — the weight and kind of merchandise to put on each shelf, the stocking of the shelves, as well as the maintenance of the shelves, were K-Mart’s responsibility, and under its control.
In Cheung v. Ryder Truck Rental, Inc., 595 So.2d 82 (Fla. 5th DCA 1992), a “wayward wheel case,” the court reversed a summary judgment for the defendant because the res ipsa loquitur doctrine was particularly applicable. One of the factors relied on by the court in that case was that the car causing the accident had been abandoned by the defendant and, as a result, it was unavailable to both parties in their efforts to determine the cause of that accident. Lack of direct proof of negligence redowns to the detriment of the party who has the burden of proof — normally the plaintiff. The Cheung court held that it was inappropriate to place the burden of proof on the plaintiff, under those circumstances.
Res ipsa loquitur alters the burden of proof of direct negligence by requiring the defendant to establish lack of negligence:
(1) when the instrumentality causing the injury is under the exclusive control of the defendant, and
(2) the event which caused the injury ordinarily does not happen, if the party having control of the instrumentality had used proper care.
Under those circumstances, there arises an inference or presumption of negligence on the part of the defendant, which it must refute. The failure to give a res ipsa loqui-tur instruction in an appropriate case results in the jury being uninformed that the plaintiff need not present direct proof concerning a defendant’s negligence where that proof is unavailable to the plaintiff, as in this case. See Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla.1978); Morris v. Home Depot U.S.A., Inc., 673 So.2d 520 (Fla. 5th DCA 1996) (Sharp, W., J., dissenting); Pinecrest Stables, Inc. v. Hill, 487 So.2d 82 (Fla. 5th DCA 1986); Holman v. Ford Motor Company, 239 So.2d 40 (Fla. 1st DCA 1970).
I believe that the factual scenario involved in this case is appropriate for application of the res ipsa loquitur doctrine. The selection of the shelves, the stocking of the shelves with merchandise, and the inspection of the shelves was under the exclusive control of the store personnel. There was no evidence that Maryann or any other customer touched or pulled on the shelf that collapsed. Such a display shelf located above the heads of shoppers in the aisle bearing heavy merchandise ordinarily should not collapse and fall, without some negligence attributable to the store owner-operator.
Our sister courts have reached that conclusion in similar cases. In Cardina v. Kash N’ Karry Food Stores, Inc., 663 So.2d 642 (Fla. 2d DCA 1995), rev. dismissed, 667 So.2d 774 (Fla.1996), the court held that a res ipsa instruction was appropriate in a “falling merchandise” case. There a plaintiff was injured in the store’s “prep” room where bananas *635 and tomatoes had been stacked on a pallet roughly five feet high. Without any touching or bumping of the pallet by the plaintiff, a 25 pound case of tomatoes fell from it and struck her on the head. No one, including the store management, could explain why the case fell. Judge Frank wrote that failure to give a res ipsa instruction in that ease was reversible error. He noted that a “plaintiffs mere proximity to the instrumentality causing the injury does not negate the exclusivity of the defendant’s control in the absence of any evidence that the plaintiffs conduct — or that of any other person —precipitated the accident.” (emphasis supplied). 663 So.2d at 643.
In Deveaux v. McCrory Corporation, 535 So.2d 349 (Fla. 3d DCA 1988), the court held that a res ipsa instruction had been correctly given in another “falling merchandise case.” There, a sweeper fell on the plaintiff while she was shopping in the defendant’s store. It fell from a high shelf, inaccessible to customers. The court said that in the ordinary course of events, the mishap could not have happened had there been proper care by the defendant.
Although in this ease the shelf which fell or collapsed causing merchandise to fall on the plaintiff was not inaccessible to other customers, it was a high shelf loaded with heavy merchandise. There was no evidence that Maryann or another customer had been tugging on the shelf, causing it to give way. The strongest inference from the record is that the selection of a shelf not sufficiently sturdy to support the merchandise stacked on it was the cause of the accident, and that was in the sole control of the store owner. Further, the store owner’s loss of the shelf and brackets following the accident, made it impossible for Maryann’s counsel to prove that theory at trial. Shifting of the burden of proof in this case from Maryann to El-Mart by giving the res ipsa instruction would have been both appropriate and just.