ON MOTION FOR REHEARING

CIKLIN, C.J.
We deny the appellant’s motion for rehearing. Because of the inclusion of a dissent to our denial of the motion for rehearing, we re-issue our February 18, 2015 opinion with the addition of the dis *271 sent to allow the appeal to be considered in full context.
Simon and Sandra Dockswell challenge an adverse final judgment entered upon the rendition of a jury verdict in favor of Bethesda Memorial Hospital in a medical negligence action. The Dockswells allege that the trial court erred by failing to give their requested instruction on retained foreign bodies, which provided for a presumption of negligence against the hospital. Finding no error, we affirm.
Mr. Dockswell was admitted to the hospital for surgery. The procedure included placement of a drainage tube to evacuate postoperative fluid. The following day, a nurse came to Mr. Doekswell’s room to remove the drainage tube. Mrs. Docks-well was present in the room and saw the nurse pull the tube. Mr. Dockswell experienced no immediate discomfort, but a 4.25-inch section of the tube was unknowingly left inside him. Approximately four months later, after Mr. Dockswell experienced continuing pain in the region, a CT scan revealed that a portion of the drain remained in his body. A second .surgery was performed to remove the remaining piece of the drain.
The Dockswells filed suit against the hospital alleging, among other claims, that 1) the tube was negligently removed with excessive speed and force, and 2) the nurse negligently failed to inspect the drainage tube to ensure that it was removed entirely, which resulted in the tube fragment being overlooked. At trial, Mr. Dockswell testified that he was on pain medication at the time that the nurse attempted to remove the tube, but he had a general recollection of a nurse coming into his room and saying the drain needed to be removed. His wife also testified to the nurse removing the drain. The nurse could not specifically remember removing Mr. Dockswell’s drainage tube, but she testified that she removes drainage tubes on a frequent basis, always without difficulty. Each of the parties presented an expert to opine on the nurse’s compliance with the standard of care in removing the drainage tube or lack thereof.
At the charge conference, the Dock-swells sought a jury instruction establishing a presumption of negligence against the hospital because of the presence of the tube fragment. The proposed instruction was based on Florida Standard Jury Instruction 402.4c:
c. Foreign bodies:
[Negligence is the failure to use reasonable care.] The presence of (name of foreign body) in (patient’s) body establishes negligence unless (defendants)) prove(s) by the greater weight of the evidence that [he][she] [it] was not negligent.
(Emphasis in original). The instruction is derived from section 766.102(3), Florida Statutes, which provides that a plaintiff generally maintains the burden of proving a breach of the professional standard of care, but that “the discovery of the presence of a foreign body ... commonly used in surgical, examination, or diagnostic procedures, shall be prima facie evidence of negligence....” See id. at n. 1; § 766.102(3)(b), Fla. Stat. (2011).
The hospital asserted two main arguments in opposing the instruction: 1) that the presumption of negligence does not apply in instances where the plaintiff is aware of and has evidence of the culpable party, and 2) that the foreign body instruction is inapplicable to the first of the Dock-swells’ two claims (that the nurse negligently applied excessive speed and force) since the instruction in question would be applicable only as to the nurse’s alleged failure to inspect which then resulted in the tube being left behind for a later medical discovery.
*272 Recognizing the distinction between the two claims, the trial court sought a set of proposed instructions applying the foreign body instruction to only the negligent inspection claim and not to the claim that alleged excessive speed and force during the removal of the drain. Neither the Doekswells nor the hospital submitted the instructions as requested by the trial court.
The trial court ultimately denied the requested instruction, explaining that the Doekswells had the ability to present direct evidence of the nurse’s negligence, whereas the word “discovery” in section 766.102 (and thus the instruction) suggests a situation where a patient is uncertain as to where responsibility for negligence lies. The jury returned a verdict for the hospital.
On appeal, the Doekswells argue that, because, of the discovery of the drainage tube fragment inside Mr. Dockswell, they were entitled to the standard jury instruction on foreign bodies.
“Failure to give a requested jury instruction constitutes reversible error where: (1) the requested instruction accurately states the law, (2) the facts in the case support the giving of the instruction, and (3) the instruction was necessary to allow the jury to properly resolve the issues in the case.” Florio v. Eng, 879 So.2d 678, 680 (Fla. 4th . DCA 2004) (citation omitted).
The foreign body instruction is derived from section 766.102(3), which provides in pertinent part:
(b) The existence of a medical injury does not create any inference or presumption of negligence against a health care provider, and the claimant must maintain the burden of proving that an injury was proximately caused by a breach of the prevailing professional standard of care.... However, the discovery of the presence of a foreign body, such as a sponge, clamp, forceps, surgical needle, or other paraphernalia commonly used in surgical, examination, or diagnostic procedures, shall be prima fa-cie evidence of negligence on the part of the health care provider.
See Fla. Std. Jury Instr. (Civ.) 402.4c, n. 1.
Essentially, the statute is a codification of the doctrine of res ipsa loquitur in the medical negligence context. See Borghese v. Bartley, 402 So.2d 475, 477 (Fla. 1st DCA 1981).[1] In Borghese, the plaintiff awoke from surgery with an unexplained burn on a limb that was not involved in the operation and brought suit. The trial court entered summary judgment for the defendant because the plaintiff intended to rely exclusively on a theory of res ipsa loquitur, which the defendant contended could no longer be applied to actions against health care providers since enactment of the applicable statute pertaining to medical negligence. The First District Court of Appeal reversed and explained that the statute disallows the inference of negligence only in circumstances where the injury actually relates to the treatment sought:
[T]he term medical injury ■... refers to an injury sustained as a direct result of medical treatment or diagnosis, and does not encompass injuries totally unrelated thereto. Thus, when a plaintiff establishes that the injury is outside the scope of medical treatment or diagnosis, and the facts and “circumstances attendant to the injury are such that, in light of past experience, negligence is the *273 probable cause and the defendant is the probable actor,” the doctrine of res ipsa loquitur is applicable.
Id. (quoting Chenoweth v. Kemp, 396 So.2d 1122, 1125 (Fla.1981), receded from on other grounds in Sheffield v. Superior Ins. Co., 800 So.2d 197, 202-03 (Fla.2001); Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339, 1342 (Fla.1978)). The Borghese court concluded that the plaintiff could rely on res ipsa loquitur if she established that the injury was unrelated to her surgical procedure, and that the injury occurred while she was under complete control of providers and would not normally occur without negligence. Id.
Similarly, the Third District Court of Appeal has explained that the fact of unconsciousness during surgery coupled with an unexplained injury is insufficient to give rise to the application of the res ipsa loqui-tur doctrine, but rather “it is the combination of an unconscious plaintiff with an unexplained injury which is unrelated to the surgical procedure or treatment which justifies the res ipsa inference.” Kenyon v. Miller, 756 So.2d 133, 136 (Fla. 3d DCA 2000) (emphasis in original) (citations omitted). In Kenyon, the plaintiffs cause of action related to mesh that was purposefully implanted during surgery and was intended to remain as a part of her treatment, but had to be removed following infection. The appellate court held that negligence cannot be inferred from the fact that treatment was unsuccessful or terminated with poor results. Id. The court also found reversible error due to the fact that the res ipsa loquitur instruction improperly permitted the jury to disregard conflicting expert testimony on the standard of care presented at trial and infer that the doctor was negligent solely based on the presence of the infected surgical mesh. Id.
Affirming a trial court’s declination to give a res ipsa loquitur jury instruction, this court has likewise held that a plaintiff was not entitled to the instruction where she “was not unconscious when her injury occurred, there was no mystery as to how the injury occurred, and there was only one possibly culpable defendant,” and thus, “she was able to adduce sufficient direct evidence of negligence.” McDonald v. Med. Imaging Ctr. of Boca Raton, 662 So.2d 733, 735 (Fla. 4th DCA 1995). The court explained that “the presence of some direct evidence of negligence should not deprive the plaintiff of [a] res ipsa inference,” but “[tjhere comes a point, however, when a plaintiff can introduce enough direct evidence of negligence to dispel the need for the inference.” Id. at 734 (quoting Marrero v. Goldsmith, 486 So.2d 530, 532 (Fla.1986)).
In the matter at hand, the facts in evidence did not give rise to the use of the foreign body jury instruction. Like the plaintiff in McDonald, the Dockswells were able to present direct evidence of negligence. At the time of the alleged negligence, Mr. Dockswell was medicated, but was not unconscious, and his wife was in the hospital room. There were no genuine doubts surrounding the identity of the allegedly culpable party or the events that led to the tube being left inside of Mr. Dockswell by the time this case went to trial.
Moreover, a foreign body instruction was not necessary to allow the jury to resolve the issues in the case. As in Kenyon, the Dockswells and the hospital presented conflicting expert testimony on whether the nurse met the standard of care or was negligent. The use of the foreign body jury instruction would have improperly permitted the jury to disregard the conflicting testimony of the experts. Where sufficient facts were known to en *274 able the parties to present conflicting expert testimony on reasonable care, the issue of whether the nurse failed to meet the standard of care and was negligent “should have been left to the jury based upon their assessment of the credibility of the expert witnesses.” See Kenyon, 756 So.2d at 136.
In light of the evidence presented, including the conflicting expert testimony, the foreign body instruction was neither necessary to enable the jury to resolve the issues in the case nor supported by the facts of the case.
Furthermore, the hospital argued below that, at best, the foreign body instruction would only be appropriate for the Dock-swells’ claim that the nurse negligently failed to inspect the tube. Assuming, ar-guendo, that the nurse was negligent, excessive speed and force in removing the tube resulted only in the creation of the fragment. If the nurse immediately inspected the tube and realized that a piece was missing, Mr. Dockswell would still need surgery to remove it, and it would not be left behind for “discovery” at a later date.
Despite the trial court’s request, the parties did not submit proposed instructions differentiating the claims, therefore we decline to address this unpre-served issue of whether the foreign body instruction may have been properly applied to the claim of negligent inspection, and yet not to the claim of negligent removal. Cf. Feliciano v. Sch. Bd. of Palm Beach Cnty., 776 So.2d 306, 307-08 (Fla. 4th DCA 2000) (finding that issue was not preserved for review where plaintiff objected to defendant’s proposed instruction on pretext but failed to offer her own written instruction to address the issue).
We have considered the other issue raised on appeal and find no error.

Affirmed.

FORST, J., concurs.
CONNER, J., dissents with opinion.

. In Borghese, the court was interpreting section 768.45(4), which was eventually renumbered as section 766.102(4), then as 766.102(3). See Ch. 88-1, § 78; Ch. 03-416, § 48, Laws of Fla.