POLSTON, J.,
dissenting.
Because the Fourth District’s decision in Dockswell v. Bethesda Memorial Hospital, Inc., 177 So.3d 270 (Fla. 4th DCA 2015), does not expressly and directly conflict with the Third District’s decision in Kenyon v. Miller, 756 So.2d 133 (Fla. 3d DCA 2000), on the same question of law, this Court does not have the constitutional authority to review this case. See art. V, § 3(b)(3), Fla. Const.
Both district courts determined that foreign-body instructions were not warranted given the circumstances of the cases they were deciding. Specifically, in Dockswell, 177 So.3d at 273-74, the Fourth District determined that the foreign-body instruction was “neither necessary to enable the jury to resolve the issues in the case nor supported by the facts of the case” because there was “direct evidence of negligence,” “[tjhere were no genuine doubts surrounding the identity of the allegedly culpable party or the events,” and “[t]he use of the foreign body jury instruction would have improperly permitted the jury to disregard the conflicting testimony of the experts.” In Kenyon, 756 So.2d at 137, the Third District determined that the foreign-body instruction was inapplicable because the foreign body left behind “was intentionally placed in Miller’s body as part of her treatment, and like screws, *1215 plates, pacemakers, and/or artificial joints was intended to permanently remain in her body.” These two holdings regarding the impropriety of the foreign-body instruction in two distinct situations do not conflict.
The fact that the Third District in Kenyon also separately addressed whether a different, res ipsa loquitur instruction should also have been given does not create conflict because the Fourth District in Dockswell never addressed whether the separate res ipsa instruction should have been given. The only instruction that both districts addressed was the foreign-body instruction. And the districts’ holdings regarding the foreign-body instruction do not conflict even though the Fourth District in Dockswell incorporated some of the Third District’s reasoning regarding the res ipsa instruction into its own analysis of the foreign-body instruction.
Accordingly, because the two decisions do not conflict on the same question of law, this Court is without jurisdiction to review this case. I respectfully dissent.
CANADY, J., concurs.